## WOOD *v.* COHEN and Another.

The owner of a chattel can not maintain an action to recover the possession against one who has purchased it *bona fide* from a wrongful taker, until he has made a demand for its return.

Action by *A.* against *B.* and *C.* to recover possession of a horse. The complaint alleged that the horse was wrongfully taken by *B.*, and wrongfully detained by *B.* and *C.* *B.* answered, denying the wrongful taking and detention, and averring that he sold the property in good faith to *C.*, and that it was *C.*'s property. *C.* answered, denying the wrongful detention, and alleging the horse to be his property, &c. *Held*, that *B.* was a competent witness for *C.* on the trial; but to what extent he might be allowed to testify was not decided.

APPEAL from the *Wayne* Court of Common Pleas.

PERKINS, J.—Action to recover the possession of a horse. The complaint alleges that the horse was tortiously taken by one of the defendants, and is wrongfully detained by

both. The defendants severally answered, *Wood* denying his wrongful taking and detention, and *Cohen* his wrongful detention, of the horse, and both asserting it to be the property of *Cohen;* defendant *Wood* stating that he sold the horse in good faith to *Cohen.* The plaintiff replied, denying the truth of the answers.

On the trial, *Cohen* offered his co-defendant, *Wood,* as a witness in his behalf. The plaintiff objected to the competency of *Wood* as a witness, on the ground of his joint interest with *Cohen* in the suit, *Wood* admitting that he had sold the horse to *Cohen,* and would be liable over to him if the plaintiff succeeded; but the Court permitted the witness to be sworn (1).

The judgment in this case, had it been in favor of the plaintiff, for the recovery of the horse, would not necessarily have been joint against the defendants.

If *Wood* wrongfully took the horse from the plaintiff, he would have been liable without a demand for its return having been made; whereas, if his co-defendant, *Cohen,* was a *bona fide* purchaser of the horse, even from the wrongful taker, he would not have been liable in the absence of such a demand. *Barrett* v. *Warren,* 3 Hill (N. Y.) R. 348.—*Pringle* v. *Philips,* 5 Sandf. (N. Y.) R. 157. And, according to the late *English* authorities, he would not, under such circumstances, have been liable at all. See the cases cited and commented upon in *Pringle* v. *Philips, supra.* But we do not mean to intimate a sanction of this doctrine. It might have been important, therefore, for *Cohen* to show that though *Wood* wrongfully took the horse and was liable in the suit, yet that he was a *bona fide* purchaser from him, and, hence, not liable, at all events, in the absence of a demand; and, so far, his interest and that of his co-defendant would have been antagonistic, and not joint in the statutory sense of the word. We think *Wood* was rightly admitted as a witness. *The City of New-York* v. *Price,* 4 Sandf. (N. Y.) R. 616.— *Beal* v. *Finch et al.,* 1 Kernan's (N. Y.) R. 128, a case in which the whole subject under the *New-York* code is discussed (2).

To what extent a co-defendant, when made a witness, as in this case, is to be permitted to testify, is another question, and one not now raised.

The judgment below was for the defendants, and it is contended that it should have been for the plaintiff. It is insisted that the evidence showed that a fraudulent sale of the horse had been made by the defendant *Wood* to the plaintiff, and that such sale deprived him of title, and the right to repossess himself of the article sold. The assumption of law is correct; *Mandlove* v. *Burton*, 1 Ind. R. 39; but it is not clear that any sale was made, and the question was for the jury upon the evidence.

*Per Curiam.*—The judgment is affirmed with costs.

*C. H. Test* and *J. M. Wilson*, for the appellant.

*O. P. Morton* and *M. Wilson*, for the appellees.

(1) The question in relation to the admissibility of the witness arose upon the following statute :

"A party may be examined on behalf of his co-plaintiff or co-defendant, as to any matter in which he is not jointly interested, or liable with such co-plaintiff or co-defendant, and as to which a separate and not joint judgment shall be rendered," &c. 2 R. S. 1852, p. 97.

(2) In the case cited in the text, which was upon the construction of a statutory provision similar to our own, cited in note 1, the Court held that the word *shall,* in the clause "and as to which a separate and not joint judgment shall be rendered," was to be construed as synonymous with *can*.

The action was for an assault and battery, in which one of the defendants had been offered as a witness for his co-defendants.

*Parker*, J., in his opinion, says, "Though this section is not expressed in very clear terms, it seems to me there can be no doubt as to its meaning. Of course it can be applicable only when defendants are sued jointly. There can be co-defendants in no other case; and it declares as to what matters a defendant, thus jointly sued with others, may be a witness for his co-defendant. It is as to a matter in which he is not jointly interested, and as to which a separate judgment may be rendered. He is a competent witness in all cases where sued jointly, but only as to certain matters. He may prove that his co-defendant was not present, or, if present, that he took no part in the assault and battery, or any other separate defence of his co-defendant; and, as to such matter, a verdict or judgment which is separate and not joint can be rendered. * * * It is very plain that this section applies to every case of a joint and several contract, and to every tort, which is always joint and several, and extends even further, viz., to contracts joint and not several, where one of the defendants has a separate legal defence, as may sometimes happen. Such separate defence must, of course, be some matter in which the defendant testifying is not jointly interested, and as to which a separate judgment may be rendered, such as infancy, forgery of the signature of the co-defendant, &c.

"To say that this section applies only to an action in which a joint judgment can not be rendered, would confine it to a case where there is only one defendant, for where there are two defendants there may be a joint judgment; and it can not mean an action where there is but one defendant, for in such case there can be no co-defendant, and the section would be inapplicable.

"In all actions a defendant is a competent witness for his co-defendant. His admissibility as a witness can not be questioned, but he is restricted as to the subject-matter of his examination. If any question be asked tending to establish a defence of which the co-defendant can not separately avail himself, the plaintiff is at liberty to object, and the Court must exclude it. Where a witness is called to the stand who is competent to be sworn and to testify to some matters, but who may not speak of other matters, it is not proper to object to his competency generally and exclude him. It will not be presumed that an improper question will be asked him. It is only by objecting to improper questions when asked, that a party can exclude improper evidence. A party having a witness on the stand, may be called upon by his adversary to state what he proposes to prove, and in that case he must state it. But he need make no such statement unless called upon to do so. It is enough for him to proceed and put his questions to the witness, unless desired to state what he expects to prove."

Two of the eight judges composing the Court dissented.