## SHERRY and Others *v.* PICKEN.

Emblements are personal property, and may be sold by parol contract, earnest being paid where the price reaches an amount within the statute of frauds.

Where the sale is complete, the title passes without delivery of the property.

But where delivery and payment are to be concurrent acts, the purchaser cannot claim possession till he has paid the price; and in such case, the seller has a lien for unpaid purchase-money.

Where delivery is to precede the payment of the money, possession may be claimed before payment, unless the purchaser be discovered to be insolvent; and if possession be voluntarily delivered without the payment of the purchase-money, the lien is waived, unless secured by mortgage.

A receipt is not usually a contract, though it may be so drawn as to constitute one. A receipt not purporting to contain a contract, but merely acknowledging a contract to have been made and a sum paid thereon, is not itself a contract, nor does it preclude parol proof of the contract referred to.

If *A.* purchase personal property of *B.*, who afterwards sells it to *C.*—the latter purchasing and holding the same in good faith—*A.* cannot maintain a suit for the property against *B.* and *C.* without first making a demand.

APPEAL from the *Tippecanoe* Court of Common Pleas.

PERKINS, J.—Suit by *Picken* against *Sherry* and others,

*May Term, 1858.*

SHERRY
v.
PICKEN.

*Thursday, June 3.*

for a quantity of corn, alleged to have been the property of the former and wrongfully converted by the latter to their own use.

Answer, denying property in the plaintiff, and alleging property in the defendants. Issue by reply.

Trial by jury; judgment for the plaintiff.

*Picken* claimed title to the corn by virtue of a purchase from *Sherry*. *Sherry*, and the other defendants who claimed through him, denied that *Picken* so far complied with his contract of purchase as to vest the title to the corn in him. And this was the question in the cause.

*Sherry* raised the corn, and *Picken* averred that he purchased it of him while it was yet standing in the field, and paid a part of the purchase-money. *Sherry* denied that *Picken* complied with his contract of purchase, [averred] that the title to the corn never vested in him, and that he, *Sherry*, as he lawfully might, subsequently resold it to his co-defendants.

The jury found—

1. " That on the 4th day of *September*, 1854, the defendant, *Sherry*, sold and delivered eighty-seven acres of corn, standing in the field, to the plaintiff, and that said corn thereby became the property of the plaintiff."

2. They found that the defendant, *Sherry*, subsequently made a pretended sale, &c., to the other defendants, and that their possession of the corn was wrongful, &c.

3. They found the value, &c.

Growing crops, raised annually by labor, are personal property, and may be sold by parol contract, earnest being paid where the price equals the amount for which the statute of frauds requires earnest. *Weatherly* v. *Higgins*, 6 Ind. R. 73.—*Bricker* v. *Hughes*, 4 *id.* 146. Where the sale is complete, the title passes without the delivery of the property. Indiana Digest, tit. Sale, p. 724. But possession cannot be claimed by the purchaser till payment of the price, where payment and delivery are to be concurrent acts. The seller, in such case, has a lien for the unpaid purchase-money. But if the delivery is to precede, for a certain time, the payment of the money, then possession

may be claimed without such payment, unless the purchaser be discovered to be insolvent. And if, in any case, possession be voluntarily delivered without the payment of the purchase-money, the lien for the latter is waived, unless secured by mortgage. See Bouv. L. Dic., tit. Stoppage in Transitu.

In this case a receipt, as follows, was given in evidence: " *September* 4th, 1854. This is to certify that I have sold to *Hunter Picken* one lot of 87 acres of corn, and have received on the same 325 dollars. *Jacob Sherry.*"

The Court instructed the jury that this written instrument merged all contracts relative to the corn, and that parol evidence of a contract of sale could not be given.

A receipt is not usually a contract. It may be so drawn as to constitute one, but the above is not. It does not purport to contain the contract. It merely acknowledges that one has been made, and the amount of money named paid on it. It did not preclude proof of the terms of that contract. *Pribble* v. *Kent et al.*, at this term (1).

The Court instructed the jury that this suit could be maintained against the defendants without a demand having been first made of the corn.

This instruction was wrong. The evidence shows that all of the defendants except *Sherry* were *bona fide* holders of the corn, through a purchase from *Sherry*. The law is well settled that in such case a suit cannot be maintained against such holders, at least till after demand. Till that has been made, and not complied with, they are not, at all events, wrongdoers. *Wood* v. *Cohen et al.*, 6 Ind. R. 455.

As to the measure of damages, see *Pribble* v. *Kent, supra.*

*Per Curiam.* — The judgment is reversed with costs. Cause remanded for a new trial.

*S. A. Huff, Z. Baird, J. F. La Rue* and *W. F. Lane*, for the appellants (2).

*R. C. Gregory, H. W. Chase* and *J. A. Wilstach*, for the appellee (3).