LEVI W. STRATTON, Plaintiff in Error, *vs.* ALLEN & CHASE, Defendants in Error.

### ERROR TO THE DISTRICT COURT OF HENNEPIN COUNTY.

The rule that a demurrer reaches the first defective pleading, is subject, under our practice, to the qualification,—that only an objection to the jurisdiction, and the objection that the complaint does not state facts sufficient to constitute a cause of action,—are saved to the Defendant upon a demurrer to an answer. Every other defect is waived by answering over.

Where a person comes lawfully into the possession of personal property, an action cannot be maintained against him to recover possession thereof, until the property shall have been demanded of him, and he shall have refused to give it up.

The complaint charged that on the 6th day of January, 1857, Plaintiffs were the owners and possessed of certain personal property, (describing the same,) and that on said day "the said Defendant became possessed of and wrongfully detained from them, said Plaintiffs, said personal property, of the value," &c. There was no allegation of a demand or refusal.

Defendants answered, and Plaintiffs demurred to the answer. The demurrer was sustained by the Court below, and judgment entered in favor of the Plaintiff for a return, &c. Defendant renews by writ of error.

Points and Authorities of Plaintiff in Error.

I.—The Plaintiff in Error admits that the new matter set up in the answer is insufficient as a justification, had a sufficient cause of action been set up in the complaint; but,

II.—On demurrer the Court must consider the whole record, and give judgment for the party who on the whole appears to be entitled to it. *Stephen on Pleadings, p.* 143; *Com. Dig. Pleader,*(*M.* 1, 2); *Bac. Abr. Pleas, &c.,* (*A. N.* 3,) 5 *Rep.,* 29 *a;* 1 *Saund.,* 283 *n;* 5 *Hob.,* 56; 2 *Wils.,* 150; 4 *East.,* 502.

III.—The complaint in this action does not state facts sufficient to constitute a cause of action. *Rev. Stat. M. T., p.* 337, *sec.* 61, *subd.* 6.

IV.—It does not appear by any allegations of the complaint, that the articles of personal property therein specified, were *wrongfully taken* by the Defendants, and so the court must presume that the Defendant "became possessed of' them lawfully.

V.—It does not appear by said complaint that at the commencement of this action the Plaintiffs were the owners of, or entitled to the possession of the articles of personal property therein specified. *Stephen on Plead.*, 384; *Cro. Eliz.*, 870; *Doct. Pl.*, 41; *Dye*, 43 *a*; *Cro. Eliz.*, 260; *Dred Scott vs. Sanford, pp.* 569, 570-71, *and cases cited per Curtis, J.*

VI.—No demand for the delivery to the Plaintiffs below of said articles of personal property, appears by the complaint to have been made upon the Defendant below.

VII.—The allegation in the complaint of a past wrongful detention by Defendant below, of said articles of personal property, is a mere conclusion of law, unsupported by any facts alleged, and affords no ground for an action to recover possession of said property. 8 *How. Pr.*, 188; 3 *Sandf. Sup. Court Rep.*, 707; 5 *How. Pr.*, 327; 1 *C. R.*, 64, *S. C.*; 3 *How. Pr.*, 297; *Burnett vs. Harkness*, 4 *How. Pr.*, 158.

Points and Authorities of Defendants in Error.

I.—The rule which the counsel claims, that on demurrer the Court must consider the whole record, is a good one, but operative in this case only so far as to allow him to take the objection that the complaint does not state facts sufficient to constitute a cause of action. The Defendant having answered waives all objections to the complaint except for that reason, and objection to the jurisdiction. *Statute of* 1858-59, *page* 540, *sec.* 65.

This is a possessory action, and the simple allegation of ownership on the part of Plaintiff, is sufficient to induce the presumption that he is entitled to the possession. The law presumes the right of possession from the title.

The Plaintiff in Error argues that the complaint should show a demand and refusal to deliver the property, and claims that would be pleading the facts. His position might be correct were the action not brought by the owners of the property. But as ownership implies *right of immediate* possession, that possession accompanied by the other allegation that Defendant was in possession and wrongfully detains (not detained) is sufficient. 7 *Hill. R.*, 126, *Pattison vs. Adams, and cases there cited.* In other words, the law implies right of possession in the owner, and an allegation that another party detains from that owner, is sufficient. In this case the allegation is that Defendant "*wrongfully detains.*"

The position of the counsel is that the allegation "*wrongfully detains,*" is the allegation of a conclusion of law, and that the facts which show the detention unlawful should be pleaded.

This as I have shown is not necessary when there is an allegation of ownership; for detention, as against the owner, is presumed to be unlawful. But even then the allegation that Defendant wrongfully detains is sufficient, and such an allegation as Defendant insists on would be pleading the evidence to sustain the fact, and not the fact itself. It is but necessary in pleading to state the fact that the detention was wrongful, even in a case where the title is special, and it is never necessary to plead the evidence to sustain the fact.

Geo. A. Nourse, Counsel for Plaintiff in Error.

Jas. R. Lawrence, Counsel for Defendants in Error.

*By the Court*—Emmett, C. J.—There was a demurrer in this case to the answer, but the Defendant below insists that the complaint is radically defective, in that it appears thereby that the Court had no jurisdiction of the subject of the action, (the value of the property being stated at ninety-nine dollars only, and no damages alleged), and because it does not state facts sufficient to constitute a cause of action. Both parties have confined their arguments to these alleged defects of the complaint.

Stratton v. Allen & Chase.

The old rule that a demurrer reaches the first defective pleading, is subject, under our system of practice, to this important qualification, that only an objection to the jurisdiction, and the objection that the complaint does not state facts sufficient to constitute a cause of action, are saved to the Defendant upon a demurrer to the answer; because the statute declares every other defect waived by answering over. These, however, are the very objections relied upon by the Defendant below, the Plaintiff in Error here, and he specifies a number of grounds of objection under each of these heads. But it is only necessary to consider one of these in order to dispose of this case.

It is a well settled rule that, where a person comes lawfully into the possession of personal property, an action cannot be maintained against him to recover possession thereof, until the property shall have been demanded of him, and he shall have refused to give it up. In this case, as no unlawful taking is averred, the possession of the Defendant below must be presumed to have been lawful; and as no demand and refusal is alleged, the inevitable conclusion is that no demand was made. The action, therefore, was premature, for until after demand and refusal, no right of action exists.

Note.—This case should have been reported in volume six, as it was decided in the December Term of 1862. The original opinion was removed from the Clerk's office.