OLESON VS. MERRILL.

*Pleading—Complaint in replevin.*

1.  In an action under the code to recover possession of personal property, a complaint which alleges merely that the same is the property of the plaintiff, and that the defendant has become possessed of and wrongfully detains it, is sufficient, without any allegation of demand and refusal.

2 .  Under such a complaint, plaintiff may prove either a wrongful taking, a demand and refusal, or facts which render a demand unnecessary where the original taking was lawful.

APPEAL from the Circuit Court for *Jackson* County.

Action to recover possession of personal property. The complaint alleges "that the defendant has become possessed of, and wrongfully detains from the plaintiff, the following personal property, goods and chattels, the property of the plaintiff," &c. The defendant demurred to the complaint as not stating facts sufficient to constitute a cause of action; the demurrer was sustained; and the plaintiff appealed.

*Carl C. Pope*, for appellant, to the point that the complaint was not bad because it did not contain any allegation that plaintiff was entitled to the possession of the property, distinct from the allegation of ownership and wrongful detention, cited *Pattison v. Adams*, 7 Hill, 126 ; *Bond v. Mitchell*, 3 Barb., 304; *Vandenburg v. Van Valkenburg*, 8 id., 217 ; 1 Van Santv. Pl., 279. To the point that no allegation of a demand and refusal was necessary, he cited *Magee v. Scott*, 9 Cush., 148 ; Morris on Replevin, 44, 78 ; *Cummings v. Vorce*, 3 Hill, 282 ; *Ilsley v. Stubbs*, 5 Mass., 280 ; *Badger v. Phinney*, 15 id., 359 ; *Baker v. Fales*, 16 id., 147 ; Morris on Replevin, 39, 43.

*Montgomery & Wing*, for respondent, to the point that a demand and refusal should be alleged, cited *Stratton v. Allen*, 7 Minn., 502 ; *Fuller v. Lewis*, 13 How. Pr. R., 219 ; *Smith v. Welch*, 10 Wis., 91 ; 1 Whittaker's Pr., 742–3 ; *Ely v. Ehle*, 3 Coms., 508 ; *Barrett v. Warren*, 3 Hill, 350 ; *Livingston v. Stoessel*, 3 Bosw., 19 ; *Howell v. Kroose*, 4 E. D. Smith, 357 ; *Wilson v. Cook*, 3 id., 252 ; 2 Abb., 167 ; *Monnot v. Ibert*, 33 Barb., 24; *Newsam v. Finch*, 25 id., 175 ; *Seaman v. Luce*, 23 id., 240; 1 Abb. Pr. & Pl., 512, note (s), and cases there cited.

DIXON, C. J. We are of opinion that the complaint is sufficient. Under the allegation that the defendant *wrongfully detains*, the plaintiff may prove a wrongful taking of the property, a demand and refusal, or any of those facts which render a demand and refusal unnecessary where the original taking was lawful. Proof of any facts showing that the property was

wrongfully detained at the time of the commencement of the action will satisfy the allegation of the complaint, and entitle the plaintiff to recover. Property wrongfully taken is wrongfully detained until it is restored to the possession of the person rightfully entitled to it. In that case, of course, no demand need be made. It was well settled in replevin before the code, that for property wrongfully taken an action for the wrongful detention would lie ; in other words, that replevin in the *detinet* might be substituted for replevin in the *cepit*, or *cepit et detinet*. The plaintiff was at liberty to waive his right to proceed as for the force, to disregard it in declaring, and to sue for the wrongful detention alone, on the same principle that trover was made concurrent with trespass, and assumpsit concurrent with both, where there had been a tortious taking. *Cummings v. Vorce*, 3 Hill, 282 ; *Pierce v. Van Dyke*, 6 Hill, 613. No reason is perceived why the same thing may not now be done. The code has changed the forms of actions but not their causes ; and a plaintiff having a cause of action for the wrongful taking of property, and also for its wrongful detention, may waive the former and sue for the latter, the same as before its enactment. And if the original taking was not wrongful, but the defendant came lawfully into possession, yet if he detains the property when by law the plaintiff is entitled to have it returned to him, such detention becomes wrongful. In such case proof of a demand and refusal is but evidence of a wrongful detention, which is the material fact to be alleged in the complaint. But where the defendant came lawfully into possession of the property, proof of a demand and refusal is not always necessary. It may be dispensed with when a wrongful assumption of property in, or right of disposing of the goods, is shown, and in some other cases. See 1 Chitty's Pl., 154–5, and cases cited in text and notes. Any act amounting to a conversion in trover, will constitute a wrongful detention in replevin, and as the complaint charges a wrongful detention at the time of the commencement

of the action, we do not see how it can be held bad on demurrer, because a demand and refusal are not also averred. For if, in the absence of an averment to the contrary, we are to presume that the original taking was lawful, still we have seen that proof of a demand and refusal may not be required. The plaintiff may rely upon some other act of the defendant amounting to a conversion, and prove it, and what then would become of the allegation of demand and refusal? It would certainly serve no useful purpose. It might mislead the defendant perhaps, but would not strengthen or elucidate the cause of action already stated. We think, therefore, that the learned court of Minnesota was mistaken when it held, in *Stratton v. Allen & Chase*, 7 Minn., 502, that a like complaint was bad for want of an allegation of demand and refusal. Nor can we agree with that court in saying that the mere absence of an averment that the original taking was unlawful, affords sufficient grounds for presuming, and that we must presume, that such taking was lawful. It seems to us, without any facts being stated in the complaint showing or tending to show that the defendant came lawfully into possession, that no such presumption can be indulged as against the averments of title in the plaintiff, and an unlawful detention by the defendant, both of which are admitted by the demurrer. It has already been observed that a wrongful detention may be shown by proof of a wrongful taking. *Fuller v. Lewis*, 13 How. Pr. R., 219 ; *S. C.*, 3 Abb. Pr. R., 383, also cited by counsel in support of the demurrer, is an instance of a complaint which contained a statement of facts showing that the defendant came lawfully and in good faith into the possession. The case is very imperfectly reported, but enough appears from the opinion to enable us to understand the grounds of the decision. The action was against an assignee for the benefit of creditors, to recover the possession of property which came into his hands by virtue of the assignment and by delivery from his assignor, the original wrongdoer. These facts must have been stated in the com-

---

plaint, for otherwise the court could not have been informed of them; and being so stated, the conclusion that the complaint was bad for want of an averment of demand and refusal, or some other facts showing a conversion on the part of the assignee, may have been very well justified. It may be that the assignee was properly presumed to have come into possession in good faith and lawfully. But the difference between that complaint and this is very obvious. There the presumption arose from facts stated in the complaint. Here are no such facts. We are asked to presume that the defendant came lawfully into possession because it is not averred that he did so unlawfully.

The complaint in its present form must be regarded as a substitute for the former action of replevin in the *detinet*, and as such states a good cause of action, which may be sustained by proof of any facts which would have sustained that action.

*By the Court.*—The order sustaining the demurrer is reversed, and the cause remanded for further proceedings according to law.