ROBERTS v. NORRIS.

REPLEVIN.—*Former Adjudication. in Premature Action, no Bar.—Pleading. —Parol Evidence. —Demand.*—A judgment against the plaintiff, in an action of replevin, rendered solely because of his having failed to make and prove a lawful demand on the defendant for the surrender of the goods, is no bar to a subsequent action of replevin, by the plaintiff, against the defendant, for such goods; and where, in the latter action, the recovery in the former is pleaded in bar, the facts may properly be replied, and may be proved by parol evidence.

SAME.—*Chattel Mortgage.—Right of Possession on Default.*—A provision in

a chattel mortgage, that the mortgagor shall retain possession of the goods until the maturity of the debt, and that, upon default in making payment, he shall deliver possession to the mortgagee, adds nothing to the latter's right to possession on such default.

SAME.—*Demand for Possession, when to be Made.*—Replevin of the mortgaged goods by the mortgagee can not be maintained without due demand upon the mortgagor for possession, after maturity of the debt and before the bringing of the suit.

SAME.—*Judgment on Demurrer to Reply, in Action originating before Justice.*—*Waiver of Trial.*—Where such action originates before a justice of the peace, and such issues are formed in the circuit court on appeal, and the defendant, on the overruling of his demurrer to the reply, stands upon his demurrer, and neither objects nor excepts to the rendition of judgment on the demurrer, he waives his right to a trial of the issues.

From the Shelby Circuit Court.

*J. B. McFadden* and *J. W. Tomlinson,* for appellant.

*B. F. Love* and *I. Odell,* for appellee.

WORDEN, J.—This was an action of replevin for a certain mare, buggy and harness, brought by the appellee, Norris, against the appellant, Roberts, before a justice of the peace, and appealed to the circuit court.

Before the justice, the defendant pleaded in bar of the action, in substance, that, before the bringing of the action, the plaintiff had brought an action of replevin for the same property, against the defendant, before a justice of the peace of the county, which had been taken by appeal to the circuit court of said county, where the cause was tried upon its merits, and the defendant obtained a judgment against the plaintiff for a return of the property and for costs, which judgment was in full force, etc.

To this answer the plaintiff replied, in the circuit court :

1. By a general denial; and,

2. In substance, that on the 21st day of March, 1874, the defendant, Roberts, executed to the plaintiff a mortgage on the property in controversy, to secure the payment of one hundred and eighty dollars evidenced by a

note payable eight months after that date, which mortgage was duly recorded, etc.; that, on the trial of the former action in the circuit court, the plaintiff gave the mortgage in evidence, to prove the allegations in his complaint therein, that he was entitled to the possession of the property. He also gave evidence upon the said trial of that action, that, on the day before the note fell due, he made a demand upon the defendant for the delivery of the property, and the refusal of the defendant to deliver it; that on said trial he offered no evidence whatever of a demand of the property after the maturity of the note; that, in fact, no demand was made by the plaintiff upon the defendant for the delivery of the property, after the maturity of the note, and before the rendition of the former judgment; that, by reason of the plaintiff's failure to make a demand upon the defendant for the delivery of the property, after the maturity of the note and before the commencement of the former action, he was not entitled to maintain that action, it having been prematurely brought; that the only claim upon, or right to, the property which the plaintiff attempted to set up in the former action, was based upon the mortgage; that after the rendition of the former judgment, and after the maturity of the note, the same remaining unpaid, and before the commencement of this suit, on, etc., at, etc., the plaintiff demanded of the defendant the delivery of the property, which was refused by the defendant; that the plaintiff's right of action herein is based upon the mortgage mentioned, and the demand by him made upon the defendant for the delivery of the property, after the maturity of the note, and after the rendition of the former judgment, but before the commencement of this action.

The mortgage is set out in full in the reply, and contains the following stipulation:

" The said Milton Roberts is to retain possession of

said property until said debt becomes due, and, upon default of payment of said money, shall deliver the said property to the said Edward Norris."

The defendant filed a demurrer to the second paragraph of the reply, for want of sufficient facts, but it was overruled and exception taken.

On the day after that on which the demurrer to the reply was overruled, the record shows that the parties came, and that the defendant stood upon his demurrer, and thereupon the court rendered judgment for the plaintiff.

The appellant has assigned error upon the ruling of the court in overruling the demurrer to the replication, and in rendering judgment for the plaintiff upon the overruling of the demurrer.

We proceed to consider these supposed errors.

The plaintiff's theory of the case is, that he could not have maintained replevin against the defendant for the property, without having made a demand upon him therefor after the maturity of the note, and before the commencement of the action ; and that, as he failed in the first action for the want of a proper demand, he is not estopped thereby to bring another action, having in the mean time made the proper demand.

It would seem that, if no demand was necessary in order to the maintenance of the action, the plaintiff is estopped by the former judgment, because his right to maintain the action in that case was as perfect as in the present one ; and if the plaintiff was defeated in the former action by any misapprehension of law as to the necessity of a demand, and took no steps to set aside or reverse the judgment, he is bound thereby, and can not maintain another action for the same cause. But if a demand was necessary, and if the plaintiff was defeated in the former action for the want of such demand, a different question is presented. We therefore proceed to inquire whether a demand was necessary.

We may observe that the action of replevin will not lie, unless the goods were wrongfully taken, or are unlawfully detained. 2 R. S. 1876, p. 88, sec. 128. It was stipulated in the mortgage, as we have seen, that the defendant was to retain possession of the property until the debt became due; hence the demand made before the debt became due was as unavailing as if no demand at all had been made. But it was also stipulated in the mortgage, that, in default of payment of the money when it became due, the defendant should deliver the property to the plaintiff.

We do not, for the purposes of the question under consideration, attach much importance to the stipulation for the delivery of the property in default of payment of the debt when it became due, because, on default of such payment, the plaintiff became entitled to the possession without such stipulation. By the mortgage, the legal title to the property vested in the plaintiff, and he would have been entitled to the immediate possession, had the mortgage not provided that the defendant was to retain possession until the debt became due. *Broadhead* v. *McKay*, 46 Ind. 595. If the property had been delivered to the plaintiff, such delivery would not have freed it from the equity of redemption. *Landers* v. *George*, 49 Ind. 309.

It is clear that there was no wrongful taking of the property by the defendant, the mortgage providing that he should have possession until the debt became due. And it seems to us that his detention of the property after the debt became due did not become unlawful, so as to put him in the position of a wrong-doer, until the plaintiff had made a demand of the property.

It is clear that trover would not lie in such case, without a demand and refusal. 1 Chitty Plead., 16th Am. ed., top p. 176–7. "A demand and refusal," says the above author, "are necessary in all cases where the defendant became, in the first instance, lawfully possessed of

the goods, and the plaintiff is not prepared to prove some distinct actual conversion." See, also, 1 Addison Torts, Dudley & Baylies' ed., p. 398. We see no substantial difference, so far as the necessity of a demand is. concerned, in such case, between an action of trover and one of replevin. The case of *Lewis* v. *Masters*, 8 Blackf. 244, which was an action of replevin, recognizes the necessity of a demand in such case, before action brought. The court said:

"It appears to us that if they" (the goods) "had been tortiously taken, they must be considered, *prima facie*, as being unlawfully detained; and that, therefore, no demand before suit was necessary. It is not often that a demand is required to sustain an action for an unlawful detainer of goods. Where the defendant has the goods by the leave and license of the plaintiff, a demand may be necessary in order to render the possession wrongful."

The case of *Stanchfield* v. *Palmer*, 4 Green, Iowa, 23, is in point. That was an action of replevin, and the court said, among other things:

"From the authorities, the conclusion is clearly this: When the *taking is illegal* no demand is necessary, but when the defendant became lawfully possessed of the goods in the first instance, either by delivery as in the case at bar, or by finding, the plaintiff must prove a demand and refusal before suit in order to recover."

To the same effect is the case of *Stratton* v. *Allen*, 7 Minn. 502, in which the court said: "It is a well settled rule that, where a person comes lawfully into the possession of personal property,. an action can not be maintained against him to recover possession thereof, until the property shall have been demanded of him, and he shall have refused to give it up." See, also, the following cases, which bear upon the question. *Wood* v. *Cohen*, 6 Ind. 455.; .*Sherry* v. *Picken*, 10 Ind. 375; *Conner* v. *Comstock,* 17 Ind. 90.

We are of opinion that the plaintiff rightly failed in his former action, having made no demand for the property, after the maturity of the note and before the commencement of that action.

The question arises, then, whether the former action is a bar to the present one. We are of opinion that it is not. The plaintiff had no right of action, when the former suit was brought, because he had made no proper demand for the property. His right of action was not complete until he had made a proper demand. The case is not unlike that of an action upon a claim not matured when the action was brought, whereby the action was defeated. Such action would not bar a subsequent one, brought after the maturity of the claim. See the case of *Griffin* v. *Wallace,* 66 Ind. 410.

"Intervening events affecting the issue may be shown to prevent a former judgment from being conclusive, even where the title has been tried in a writ of entry." Freeman Judgments, sec. 329. See, also, *Perkins* v. *Parker,* 10 Allen, 22, and *Morse* v. *Marshall,* 97 Mass. 519.

As to the admissibility of extrinsic evidence to show upon what ground the former judgment was rendered, and, therefore, its effect, see the cases last above cited ; also, *Angel* v. *Hollister,* 38 N. Y. 378 ; *Bottorff* v. *Wisc,* 53 Ind. 32.

If the facts alleged in the replication are true, and they must be so taken, the plaintiff has a right to maintain this action, because, before the bringing thereof, and after the maturity of the note, he made a demand upon the defendant for the delivery of the property, which was refused; whereas no such demand had been made after the maturity of the note and before the institution of the former action.

We are of opinion, for the foregoing reasons, that no error was committed in overruling the demurrer to the second paragraph of the reply.

The appellant further insists that the court erred in rendering judgment for the plaintiff, on the overruling of the demurrer, without having disposed of the issues of fact in the cause.

The plaintiff, it is true, filed, by way of reply, a denial to the defendant's answer, which put it in issue ; but the second paragraph of the reply wholly avoided the answer, and entitled the plaintiff to judgment, so far as the answer was concerned, unless that paragraph of the reply was controverted or avoided.

The defendant was not required to file any written rejoinder to the special paragraph of reply,. but the matter of that paragraph was deemed by the law to be controverted by the defendant, "as upon a direct denial or avoidance." Code, sec. 74. *Zehnor* v. *Beard,* 8 Ind. 96.

The answer hereinbefore noticed was the only paragraph of answer filed in the cause, but the appellant claims that, as the action originated before a justice of the peace, the statute put in an answer of general denial, which raised an issue upon the complaint. This is a mistake. The statute does not put in any answer at all in actions before justices of the peace. It simply provides that all matters of defence, with certain exceptions, may be given in evidence without any answer at all. The following is the language of the statute : "All matter of defence, except the statute of limitations, set-off, and matter in abatement may be given in evidence without plea." 2 R. S. 1876, p. 612, sec. 34. See the case of *The Cincinnati, etc., R. R. Co.* v. *Ridge,* 54 Ind. 39.

Under the statutory provisions above noticed, the defendant might, doubtless, upon the overruling of the demurrer, have put the plaintiff to the proof of the allegations of his complaint; and, upon establishing the truth of the answer pleaded, he might have required the plaintiff to prove the truth of his reply. He might also have given in

evidence any other matter of defence to the action, not excepted by the statute above cited.   He might, in addition, have given evidence in negation or avoidance of the reply.

But we think the defendant acquiesced in the action of the court, after the overruling of the demurrer, in rendering judgment for the plaintiff, and waived the trial of any question of fact in the cause.   The record shows that he stood upon his demurrer, and there was no objection made or exception taken to the rendition of judgment.   The defendant must be deemed to have consented to the rendition of judgment, because he did not object or except thereto. See cases collected on this point in Buskirk Prac. 289.

It is also objected, as we understand the brief of counsel for the appellant, that a jury should have been called to assess the plaintiff's damages for the detention of the property.   It is a sufficient answer to this objection to say that no damages were assessed or adjudged in favor of the plaintiff.

There is no error in the record.

The judgment below is affirmed, with costs.