No. 8088.

## TORIAN *v.* McCLURE.

REPLEVIN.—*Demand.*—*Purchaser in Good Faith, for Value.*—An action of replevin will not lie by the owner of property against one who purchased the same in good faith for value, without notice of any defect in the title of the seller, supposing him to be the true owner, without a demand.

SAME.—*Conversion.*—The rule is the same as in actions for conversion.

SAME.—*Statute of Limitation.*—In such case, the statute of limitations does not commence to run until a demand has been made.

From the Vanderburgh Circuit Court.

*P. Maier, J. A. Coleman, T. A. Hendricks, C. Baker, O. B. Hord* and *A. W. Hendricks,* for appellant.

*J. E. Williamson* and *G. Palmer,* for appellee.

WORDEN, C. J.—Action of replevin by the appellee against the appellant for a piano. Answer, first, general denial, and, second, statute of limitations of six years; trial by the court, special finding and conclusions of law; motion by defendant for à new trial overruled, exception and judgment for the plaintiff.

The following are the finding of the facts and the conclusions of law upon them:

"Having been thereunto requested by the defendant, the court makes the following special finding of the facts and conclusions of law thereupon, in the foregoing action: The court finds from the evidence that on the 5th day of June, 1871, the plaintiff was the owner of the piano in question, and on that day rented the same to one Marsailles, who resided at the time at Hopkinsville, Ky., at the rental of $100 per year, payable quarterly, with the privilege to Marsailles of purchasing the piano at any time within one year from the date of renting, at the price of $450. If Marsailles elected to purchase, whatever sum he had paid as rent prior to the election to purchase, was to be deducted from the purchase price. Plaintiff, at the

Torian v. McClure.

date of renting the piano, resided and carried on business at Nashville, Tennessee, and the piano was then in his store at Nashville. Immediately upon making the contract with Marsailles, the plaintiff shipped the piano to the latter at Hopkinsville, and Marsailles received and took possession of the same under the above contract. No definite time of renting was agreed upon, nor did the contract contain any agreement as to Marsailles keeping the piano at Hopkinsville, or any restrictions against his taking it away to another place; that some time prior to May, 1872, Marsailles, without the knowledge or consent of the plaintiff, brought the piano to Evansville, Indiana, and on the 20th of May, 1872, being in possession of the piano at Evansville, under said contract of renting, and never having purchased the same, said Marsailles sold the piano to the defendant, who bought the same in good faith and paid therefor a valuable consideration, without any notice of any defect in the title of Marsailles, and supposing that the latter was the true owner; that immediately upon his purchase the defendant took possession of the piano as his own property and has ever since kept possession thereof, and used and controlled the same at his family residence, in the city of Evansville; that on the 1st day of May, 1878, the duly authorized agent of the plaintiff demanded of the defendant the return of the piano to the plaintiff, which the defendant refused, and that this action was brought on the 20th day of November, 1878; that the piano is of the value of $150, and of the rental value of $5 per month.

"As conclusions of law from the foregoing facts, the court finds:

" 1. That Marsailles, at the time he sold the piano to the defendant, had no title thereto, and could confer none on the defendant, and that the plaintiff is the owner thereof.

" 2. That the statute of limitations, which bars an action for the recovery of personal property, did not begin to run against the plaintiff until a demand was made on the defendant for the return of the property, which was refused by the defendant.

" 3. That the plaintiff is entitled to a judgment for a return of the piano, or, in the alternative, for the sum of $150, the value thereof, and is also entitled to judgment for damages for the detention thereof in the sum of $65."

It is claimed by the appellant that the court erred in its conclusion of law in respect to the statute of limitations ; that the sale of the piano by Marsailles to the defendant was a conversion of the property, and, therefore, that an action of replevin would have lain by the plaintiff against the defendant for it at once without any demand, and hence that the statute of limitations commenced running from that time.

It is clear enough that the statute of limitations did not commence running until the plaintiff's right of action was complete. The question, therefore, is, whether the action would lie without any demand of the defendant for the property. It will be seen from the finding that the defendant bought the property from Marsailles in good faith, for value, without notice of any defect in the title of Marsailles, supposing the latter to be the true owner.

By the repeated decisions of this court, an action of replevin will not lie by the owner of property against such purchaser without demand. *Wood* v. *Cohen,* 6 Ind. 455 ; *Sherry* v. *Picken,* 10 Ind. 375 ; *Conner* v. *Comstock,* 17 Ind. 90.

The same doctrine has been applied to actions for conversion. *Gillet* v. *Roberts,* 57 N. Y. 28 ; *Parker* v. *Middlebrook,* 24 Conn. 207.

The statute, therefore, did not commence running until the demand made upon the defendant, and did not bar the action. The court committed no error in this respect.

We are asked to reverse the judgment on the evidence, in which there is conflict in some respects, but, having read it carefully, we are of opinion that it fairly sustains the finding.

The judgment below is affirmed, with costs.