Filed May 28, 1895.

---

No. 1,629.

## LEDBETTER v. EMBREE.

REPLEVIN.—*Unsatisfied Judgment.*—*When not a Bar to Another Action for Same Property Against Another Defendant.*—An unsatisfied judgment in replevin is no bar to another suit in replevin for the same property against another defendant, whether the second defendant was a joint trespasser with the first or a purchaser from him with or without notice.

SAME.—*Purchaser Without Notice.*—*Demand.*—*Second Action for Same Property.*—Before a second or subsequent suit can be maintained for the same property against another defendant who has come into possession of the property without knowledge of plaintiff's claim, a demand must be made of such defendant for such property.

From the Grant Circuit Court.

*J. Brownlee* and *L. I. Baker*, for appellant.
*Brownlee & Paulis*, for appellee.

GAVIN, J.—The only questions presented for our determination arise upon the exceptions to the conclusions of law upon the special finding of facts.

Appellant, in a former action of replevin against a sheriff, obtained a verdict that she was the owner and entitled to the possession of certain personal property, including that which she seeks in this action, of the value of $300.

For some reason not disclosed, the court rendered judgment simply for the value of the property, and not for its return, although there appears no objection to this judgment. Appellant had not given any bond, and the property had, during the pendency of that action, remained in the sheriff's hands. After the rendition of that judgment he sold the property at sheriff's sale to a purchaser, who was ignorant of appellant's claim. This purchaser sold and delivered certain of the property to appellee, who also purchased with no knowledge of her claim.

The judgment has not been paid. Appellant brought this suit to recover the property from appellee.

It is urged by counsel for the appellee that by taking judgment for the value of the property, appellant must be deemed to have abandoned the title to the property, which thereby passed to the sheriff, whose sale transferred to the purchaser a lawful right thereto. With this contention we can not agree. When the owner pursues a wrongful taker of his property by suit for damages, and recovers judgment, and obtains satisfaction of such judgment, then, indeed, he can no longer assert a claim to the property. Plain principles of justice and equity forbid his obtaining both compensation and the property.

It is not, however, the recovery of the judgment, but its satisfaction, which produces this result.   The wrong-doer who holds the property of another without right is in no position to claim title thereto until he has actually satisfied the owner.

The owner's election to pursue the wrongdoer for the value becomes final and irrevocable so as to transfer the title when he has obtained compensation therefor.   *Miller* v. *Hyde*, (Mass.) 37 N. E. Rep. 760; *Turner* v. *Brock*, 6 Heisk. (Tenn.) 50; *Atwater* v. *Tupper*, 45 Conn. 144; *Smith* v. *Smith*, 51 N. H. 571; *Hyde* v. *Noble*, 13 N. H. 494; *Lovejoy* v. *Murray*, 3 Wall. 1; *Ex parte Drake*, L. R., 5 Ch. Div. 866; 1 Greenl. Ev., section 533 and notes; Morris Repl. 238; 2 Kent Comm. 388.

In Cobbey Repl., section 1174, the law is thus laid down:  "An unsatisfied judgment in replevin is no bar to another suit in replevin for the same property against another defendant, whether the second defendant was a joint trespasser with the first or a purchaser from him with or without notice."

While the application of the general doctrine of election in some earlier cases militates against the proposition here announced, we think both sound reasoning, equitable principles, and the later authorities, all combine to sustain the law as we declare it.

The trial court, therefore, erred in concluding, as a matter of law, that the appellee was the owner of the property.

There was no finding of any demand made upon appellee, who came into the possession of the property by purchase without knowledge of appellant's claim.

In the early case of *Wood* v. *Cohen*, 6 Ind. 455, it was declared that a *bona fide* purchaser of personal property, even from a wrongful taker, was not liable to an action in replevin by the lawful owner without demand first

made. Upon the authority of this case and others fol-lowing it (*Sherry* v. *Picken*, 10 Ind. 375; *Conner* v. *Comstock*, 17 Ind. 90; *Roberts* v. *Norris*, 67 Ind. 386; *Torian* v. *McClure*, 83 Ind. 310; *Kuhns* v. *Gates*, 92 Ind. 66), we are constrained to hold that appellants could not maintain this action in the absence of any demand whereby appellee would have been put in the wrong.

The court was therefore right in its conclusion that appellant was not entitled to recover.

Judgment reversed, with instructions to sustain appellant's motion for new trial.

Filed May 28, 1895.