Filed Sept. 17, 1891.

---

No. 14,901.

## WITZ, ADMINISTRATOR, *v.* DALE ET AL.

AGREED CASE.—*Agreed State of Facts.*—An agreed state of facts is not an agreed case under section 553, R. S. 1881, providing for submitting agreed cases.

SAME.—Where, as here, the proceeding on its face appears to be an actual adversary proceeding, and there is nothing to indicate that it is a feigned action, the agreement as to the evidence will not change the character

of the case, nor will it overturn the presumption that there is an actual controversy.

LIMITATION OF ACTION.—*Suit to Enforce Legacy.*—*Fifteen Years' Statute of Limitations.*—A testator bequeathed to his son A. a legacy of two hundred dollars, and devised to his son B. the residue of his estate. The legacy to A. has never been paid. B. took possession of the real estate devised to him upon the death of his father. Testator owed no debts at the time of his death, and left no personal estate. On a judgment recovered against B. the land was sold, and a deed executed to the purchaser. The administrator, more than sixteen years after the will was admitted to probate, sought to enforce the legacy against the purchaser of the land, and petitioned for an order to sell the real estate of his decedent for the payment of debts due from the estate. *Held,* that the suit is barred by the fifteen years' statute of limitations.

From the White Circuit Court.

*J. H. Wallace* and *M. M. Sill,* for appellant.

*E. B. Sellers* and *W. E. Uhl,* for appellees.

ELLIOTT, J.—The appellant petitioned for an order to sell real estate of his decedent for the payment of debts due from the estate. The petition is in the usual form, and is verified. Issues were formed and the case was submitted to the court upon an agreed state of facts.

Counsel for the appellant assert that the proceedings constitute an agreed case under the statute providing for submitting agreed cases, but in this they are in error. An agreed state of facts is simply the result of an agreement of the parties as to what the evidence in the case will prove. Many cases recognize and enforce the difference between an agreed case and a case where the evidence is embodied in an agreement as to the facts. Where there is simply an agreed state of facts, a motion for a new trial and the like are necessary, but it is otherwise where there is an agreed case. Where there is an agreed case under the statute an affidavit is required in order to show that there is an actual controversy, for courts will not hear or determine speculative questions, nor will they take cognizance of any legal controversies except those involving actual disputes between real parties.

We refer to the following cases as sustaining our conclusion that this is not an agreed case within the meaning of the law. *Slessman* v. *Crozier*, 80 Ind. 487; *Downey* v. *Washburn*, 79 Ind. 242; *Godfrey* v. *Wilson*, 70 Ind. 50; *Manchester* v. *Dodge*, 57 Ind. 584; *Oppenheim* v. *Pittsburgh, etc., R. W. Co.*, 85 Ind. 471 (477); *Western Union Tel. Co.* v. *Frank*, 85 Ind. 480; *Citizens Ins. Co.* v. *Harris*, 108 Ind. 392; *Pennsylvania Co.* v. *Niblack*, 99 Ind. 149; *Zeller* v. *City of Crawfordsville*, 90 Ind. 262.

Where, as here, the proceeding on its face appears to be an actual adversary proceeding, and there is nothing to indicate that it is a feigned action, the agreement as to the evidence will not change the character of the case, nor will it overturn the presumption that there is an actual controversy.

The facts embodied in the special finding are taken from the statement of facts agreed upon by the parties, and are, in substance, these : On the 2d day of December, 1868, the decedent, Daniel Dale, executed his last will, and it was admitted to probate on the 3d day of February, 1871. The appellant was appointed administrator with the will annexed on the 15th day of September, 1886. The deceased did not owe any debts at the time of his death, nor did he leave any personal estate. The decedent bequeathed to his son Harvey M. Dale a legacy of two hundred dollars, and devised to his son Oliver S. Dale the residue of his estate. The legacy to Harvey M. Dale has never been paid. Oliver S. Dale took possession of the real estate devised to him upon the death of his father. On the 24th day of June, 1873, Joseph Rothrock and others recovered a judgment against Oliver S. Dale, and on this judgment the land was sold to Joseph C. Wilson on the 2d day of January, 1875. A deed was executed to Wilson at the proper time.

It is doubtful whether the legacy to Harvey M. Dale can be considered a charge on the land, inasmuch as the bequest to Oliver S. Dale is based upon a consideration, but laying

this element out of the case, we think it clear that the legacy can not be enforced against a *bona fide* purchaser of the land after so long a period as that which elapsed between the probate of the will and the beginning of this suit. The suit was brought more than sixteen years after the will was placed of record. There is here no element of trust, for the purchaser is in no sense a trustee. · The right to sell. the land depends entirely upon the right to enforce the legacy, for there are no debts. If there is no enforceable legacy there is no authority to sell the land. *Riser* v. *Snoddy*, 7 Ind. 442. It has been expressly decided that the fifteen years' statute of limitations applies to proceedings to sell land brought by an administrator to secure assets with which to pay debts, although the creditor's claim has been allowed, and the land is still owned by the heirs. *Cole* v. *Lafontaine*, 84 Ind. 446 ; *Scherer* v. *Ingerman*, 110 Ind. 428. There is much stronger reason for the rule where, as here, there is a mere gift and the land has passed into the hands of a *bona fide* purchaser. The decisions referred to are in harmony with those which hold that where no other statute of limitations applies to the particular case it is governed by the fifteen years' statute. *Nutter* v. *Hawkins*, 93 Ind. 260, and cases cited ; *Martin* v. *Martin*, 118 Ind. 227, and cases cited. There must certainly be some limit to the time within which a legacy can be enforced where, as is true here, no trust exists, and that limit is fixed by the statute to which we have referred, inasmuch as it is comprehensive in its terms, and embraces all cases for which no specific provision is made. Section 294, R. S. 1881. Repose is the object of our entire system of limitation, and to prevent a break in the system by providing for all cases not otherwise provided for, was the manifest purpose of the Legislature in enacting the general statute. So all our decisions indicate, and this the repose of society, as well as the security of titles, demands.

Judgment affirmed.

Filed April 30, 1891 ; petition for a rehearing overruled Sept. 17, 1891.