HARRIS *v.* CLEVELAND, CINCINNATI, CHICAGO AND
ST. LOUIS RAILWAY COMPANY.

[No. 18,602.   Filed November 21, 1899.]

APPEAL AND ERROR.— *Directing Verdict.*— *Evidence.*— *Review.*— An
appeal based upon the action of the court in directing the jury in
the trial of an action for personal injuries, to return a verdict for
defendant on account of the failure of the evidence to show that
plaintiff had exercised that care which the law required of him, pre-
sents no question for review, where the only evidence in the record
was that concerning the care and precaution exercised by plaintiff.

From the Marion Superior Court.   *Affirmed.*

*P. W. Bartholomew* and *Fred L. Canine,* for appellant.

*John T. Dye, Byron K. Elliott* and *William F. Elliott,*
for appellee.

JORDAN, C. J.—Action by appellant to recover damages
for personal injuries sustained by him on account of the al-
leged negligence of appellee in striking him with its train of
cars while he was attempting to cross its railroad tracks in
the city of Indianapolis.

There was an answer in denial and, on the issues joined,
there was a trial before a jury.   At the conclusion of the
evidence introduced in the case, the defendant filed a mo-
tion requesting the court to direct the jury to return a ver-
dict in its favor for the reason that there was no evidence
which, under the law, would entitle plaintiff to recover.
This motion the court sustained over the exceptions of the
plaintiff, and directed the jury as follows:   "Gentlemen
of the jury:   There has been a motion interposed here ask-
ing the court to instruct the jury to find for the defendant.
In doing so, I say to you this, that one of the things neces-
sary to be proved by the plaintiff in a case of this kind is
that he has himself been free from any negligence which
contributed to the injury.   In this case the evidence fails
to show that he had exercised that care which the law re-

quires of him, and, for that reason I instruct you to return a verdict for the defendant."

In compliance with this instruction, the jury returned a verdict in favor of the defendant and, over the plaintiff's motion for a new trial, assigning the giving of this instruction as the only reason therefor, judgment was rendered for the defendant.

The record in this appeal neither contains nor professes to contain all of the evidence given upon the trial. The statement of the trial judge in his certificate appended to the bill of exceptions, embracing the evidence, is as follows: "The above and foregoing was all of the evidence introduced, given in this cause, and submitted to the jury concerning and as to plaintiff's care, precaution, conduct and actions immediately prior to and at the time plaintiff was injured and as to the manner thereof."

Appellant seeks a reversal of the judgment solely upon the ground that the evidence introduced upon the trial to prove the absence of contributory negligence on his part was of such a character that it raised an issue to be determined by the jury, under proper instruction by the court, and that therefore, under the circumstances, the court erred in directing a verdict in favor of appellee.

At the very threshold of the consideration of this proposition we are confronted with the contention of appellee's learned counsel that the record presents no question for review upon the merits of the controversy for the reason that the evidence is not all incorporated therein. With this contention we are constrained to concur. Appellant's learned counsel admit that the bill of exceptions professes to embrace only the evidence given on the trial concerning the care and precaution exercised by appellant at and immediately prior to the accident, and he asserts, to quote his own language, that "this is sufficient, as it is not necessary to burden the court with the other evidence not bearing upon the question on which appellant seeks a reversal of this

cause." He also disclaims any attempt to appeal this cause under the provisions of §642 Burns 1894, §630 R. S. 1881 and Horner 1897, which apply to reserved questions of law; and it is evident that there was no effort to mold the record in the lower court so as to conform to the requirements of that section. Neither is the method adopted by appellant in preparing the record for this appeal authorized by the *proviso* to §662 Burns 1894, §650 R. S. 1881 and Horner 1897. *Vide* Elliott's App. Proc. §193, and rule thirty of this court.

Moreover it has been held that the provisions of the *proviso* to that section apply more especially to instructions refused than to those given. *Rozell* v. *City of Anderson,* 91 Ind. 591.

It is evident that there has been no attempt upon the part of appellant to prosecute his appeal under any special provisions of the code, and it must be considered as taken in the ordinary mode and, as the question involved depends upon the evidence, all of it given upon the trial, which at least had a bearing in support of the essential issues tendered by the complaint, must be brought into the record, as it is manifest, we think, under the circumstances, that a part of the evidence will not be sufficient to expose the alleged error committed by the trial court in directing a verdict.

The alleged negligence of appellee, to which appellant in his complaint attributes his injury, was as essential to a recovery of a judgment upon his part as was his freedom from contributory negligence; and, if the evidence most favorable to him upon the former branch of the case was not sufficient at law to entitle him to a recovery, an instruction directing a verdict for the appellee would have been right, regardless of the further fact that appellant may not have been guilty of contributory negligence. The fact that the trial court apparently based its instruction on the ground that the evidence was not sufficient to prove that ap-

pellant, at the time of the accident, had exercised the care and precaution which the law exacts, is not available; for if, upon any view of all the evidence, we could sustain the action of the court, we would be compelled to do so and affirm the judgment.

The proposition involved is not alone as to whether the court erred in directing a verdict upon the question of appellee's contributory negligence, but the real question for our consideration is: Can the action of the court be justified upon any legitimate view of the evidence? In the absence from the record of the evidence pertaining to appellee's negligence, we are certainly not in a position to decide this question. To expose fully in this appeal such error upon the ruling of the court as would warrant a reversal of the judgment, it is manifest that all of the evidence should have been brought into the record. For the rule is well settled that, if the trial court has reached the right conclusion upon the particular ruling complained of, the judgment on appeal will not be disturbed although the grounds upon which the court based its decision were not the correct ones. *Blanchard* v. *Wilbur, ante,* 387.

Appellee, in its motion, requested that the court direct a verdict upon the evidence in general, for the reason that, under the law, it did not entitle plaintiff to a recovery. If the court, in pursuance of this request, had given a direction to the jury to find for the defendant, stating therein generally that the evidence was not sufficient to entitle plaintiff to a verdict, there could be no question, in the state of the record, but what it would be insufficient to properly present the ruling of the court for review. The evidence introduced upon the issue of appellee's alleged negligence, which is said to have caused the injury in controversy, may or may not have been sufficient to have been finally submitted to the jury for their determination of that issue. In its absence we are virtually left to conjecture upon that proposition. If the entire evidence upon both questions of negli-

gence were before us, it might justify a holding that, while it did not sustain the ruling of the court, so far as the question of appellant's care or precaution was concerned, still it did sustain it so far as it pertained to the issue of appellee's negligence. Such a holding would necessarily operate to affirm the judgment.

We have repeatedly held that all appeals to this court must be determined by the record and that, therefore, such record must affirmatively disclose prejudicial error against the complaining party in order to authorize a reversal. The record in this case, by reason of the omitted evidence, does not respond to this well settled rule. As heretofore said, the omitted evidence alone might be considered by us of such a character as to sustain the decision of the trial court. Where the record is not properly made up for the reason it is shown not to embrace all which is essential to disclose affirmatively the error complained of, the appeal must fail. Elliott's App. Proc. §186; *Bain* v. *Goss*, 123 Ind. 511.

As the record in this case is not sufficient to rebut the presumption that if the entire evidence were before us for consideration the ruling of the lower court might be upheld, we therefore, under the circumstances, can not review the question involved, but must affirm the judgment.

Judgment affirmed.