(91 N. W. Rep. 42.)

---

JAMES THOMPSON vs. GEORGE THOMPSON.

---

**Claim and Delivery—Evidence—Demand—Necessity.**

This action was brought to recover the possession of personal property owned by the defendant, and which was in defendant's possession when suit was brought. Plaintiff alleges a right of possession under a chattel mortgage, and alleges breaches of the conditions of the mortgage, and also a demand of the property, and refusal to deliver, before suit brought. Defendant answered, admitting the execution and delivery of the mortgage and notes secured thereby, but specially denied plaintiff's ownership of the notes and mortgage, and alleged that nothing was due on the notes. The answer also denied the alleged demand, and specially denied all the breaches of the conditions of the mortgage as set out in the complaint. At the trial the defendant offered evidence to sustain the various defenses pleaded in his answer, and throughout the trial the defendant contested plaintiff's right to recover upon the ground of a superior right of possession in himself. *Held*, under this state of the pleadings and the evidence, that the issue of a demand and refusal before bringing suit was eliminated as an issue for the jury, inasmuch as it appeared that any such demand, if made, would have been unavailing.

**Demand—Instruction to Jury.**

The trial court, in an instruction to the jury, set out at length in the opinion, charged the jury, in effect, that a demand and re-

fusal before suit were essential to any recovery by the plaintiff. *Held,* under the evidence, that such instruction was prejudicial error.

Appeal from District Court, Stutsman County; *Winchester,* J.

Action by James Thompson against George Thompson. Judgment for defendant, and plaintiff appeals. Reversed.

*S. E. Ellsworth,* for appellant.

*Jerome Parks,* for respondent.

WALLIN, C. J. This is a claim and delivery action, brought to recover the possession of certain horses and mares belonging to the defendant, upon which the plaintiff has a chattel mortgage, given by the defendant to secure certain promissory notes of the defendant, described in the mortgage. The complaint is not assailed for insufficiency, and the same embraces the usual allegations in such cases, embodying, among others, an allegation that the plaintiff is entitled to the possession of the property described in the mortgage, and that the plaintiff has demanded the possession of the property from the defendant, but defendant has refused and still refuses and neglects to deliver the same, or any part of the same, to the plaintiff, and that defendant wrongfully and unlawfully detains the possession from the plaintiff. Defendant answered the complaint, admitting the execution and delivery of the notes and mortgage described in the complaint, and denying that plaintiff demanded the possession of the property as alleged in the complaint, and especially denying any breach of the conditions of the mortgage, and denying that the property is wrongfully detained from the plaintiff, or that plaintiff is entitled to the possession thereof. The case was tried to a jury, and a verdict was returned for the defendant, from which judgment an appeal is taken.

In this court error is assigned upon an order of the trial court overruling an application of the plaintiff for a continuance; also upon certain instructions of the trial court, given in its charge to the jury. We shall have occasion, in disposing of the case, to refer to but one of the errors assigned, which we think must be sustained, as embracing prejudicial error. At the trial, evidence was offered by both parties upon the merits, and in support of the controverted questions of fact as set out in the pleadings; and the abstract shows that the defendant called witnesses and introduced testimony to sustain the allegations of his answer, denying the plaintiff's alleged right of possession, and tending to show a superior right of posession in the defendant. The assignment of error under consideration shows that at the close of the testimony the trial court, in its charge to the jury, among others, gave the following instructions to the jury: "Now, if you find from the evidence that the plaintiff is entitled to the possession of the property in question at the time the suit was begun, before the plaintiff could recover in this case it will be necessary for

you to further find that the plaintiff demanded of the defendant the property in question for this reason: The defendant, in the first instance, as I have intimated, was entitled to the possession of the property by virtue of being the owner thereof. He was entitled to the possession of it; that is, he came rightfully into possession of it. Whenever a party comes rightfully into possession of personal property, it is necessary, before the property can be taken from him in any manner, that a proper legal demand be made of him. So, in this case, before the plaintiff could take the property, or before he would be entitled to take it away, although he might have a right to its possession, yet he could not take it; he must demand it. In order that you may understand a little more of that, I will read you something in reference to a demand: 'In order to make a legal demand of articles of personal property by one person from another, such property must be indicated by name, or by proper words of description or reference, so as to apprise the party of whom demand is made what particular property is demanded; otherwise such demand would not be sufficient were he to bring an action in claim and delivery for the detention of such property.' So, in this case, gentlemen, you will call to mind the testimony, and see whether or not such demand has been made in this case. If you find, then, that the plaintiff was entitled to the possession of the property, and, further, that legal demand was made for it, then your verdict should be for the plaintiff for the possession of the property, and, as I have said, also for the damages, if any have been claimed and proved for its detention. To put in a little plainer language the thoughts I have tried to express, I will read a little from an eminent jurist upon this question: 'Before the plaintiff can recover in this action, he must prove by a preponderance of the evidence that, at the time of the commencement of the suit, he was then entitled to the immediate possession of the same; and he must also further prove that the defendant wrongfully detained it from the plaintiff after a demand made upon him by the plaintiff for the property.' " Defendant excepted to the giving of this instruction.

The instruction is not subject to criticism in so far as it announces an abstract rule of law. It is a general rule of law that a demand and refusal to deliver the possession of goods and chattels, where the defendant lawfully acquired and lawfully holds the possession, is an essential prerequisite to an action to recover the possession; but this rule is a technical one, and it does not by any means follow that a failure to make such preliminary demand will in all cases operate to defeat an action to recover personal property or its value. The omission to make demand, when demand is necessary, will, under the better authorities, be excused under certain conditions. The reason underlying the rule requiring a demand is the legal presumption that a party who is not the owner of property, and has no right to retain the possession thereof, will on demand, surrender the possession to the party en-

titled thereto, and do so without suit; but, where it appears that a demand would have been unavailing if made, no proof of demand and refusal is required. See *Raper* v. *Harrison* (Kan. Sup.) 15 Pac. Rep. 219, and authorities cited in that case. The better rule undoubtedly is that, where a demand before suit is necessary, a failure to prove the demand at the trial will not defeat the action where it appears, either from affirmative allegations in the pleadings or the evidence, that a want of demand is not relied upon as a defense, but, on the contrary, that the plaintiff's alleged right of possession is contested on the merits, and on grounds of a superior right of possession in the defendant. See *Myrick* v. *Bill,* 3 Dak. 284, 17 N. W. Rep. 268; *Brietenwischer* v. *Clough* (Mich.) 69 N. W. Rep. 88, 66 Am. St. Rep. 372; *Irrigation Co.* v. *Hawley* (S. D.) 63 N. W. Rep. 904; *Guthrie* v. *Olson* (Minn.) 46 N. W. Rep. 853; Cobbey, Repl. § 448. The rule is stated in Shinn, Repl. § 311, as follows: "When the defendant contests the case on the merits wholly upon the claim of ownership and right of possession of the property in himself, no previous demand is necessary, even for the purpose of entitling the plaintiff to recover costs in case of a verdict in his favor;" citing *Rodgers* v. *Graham,* 36 Neb. 730, 55 N. W. Rep. 243. See, also, Am. & Eng. Enc. Law (2d Ed.) p. 209, and cases cited in note 5.

The note and mortgage were made and delivered to one Thomas Creath, and the complaint alleges that Creath transferred them to the plaintiff for a valuable consideration, and that plaintiff is the owner thereof. This allegation is denied by the answer. This defense goes to the merits, and, if defendant established the fact that the transfer of the paper to plaintiff was not made, it would defeat the plaintiff on the merits. The answer, as an affirmative defense, states, in effect, that nothing was due plaintiff, and alleges in that behalf that, after this action was brought, plaintiff brought an independent action, based upon the note which was then due, and in such action obtained judgment against defendant for the amount due on the note, and that defendant had paid such judgment, thereby leaving nothing due plaintiff at the time the answer in this action was served. This defense was interposed upon the merits of the controversy, and was intended to defeat plaintiff's action upon grounds other and independent of the matter of a mere demand for the property before suit. It therefore conclusively appears alike from the pleadings and from the evidence that the defendant at the trial contested plaintiff's alleged right of possession not alone upon the technical ground of a failure to show a demand of delivery and refusal to deliver before suit brought, but also upon the ground of a superior right of possession in the defendant. Hence it appears that a previous demand, if made by the plaintiff, would have been wholly unavailing. It was therefore error to give the instruction to the jury which is above set out. The jury should have been distinctly informed by the trial court that the matter of a preliminary demand,

which by the pleadings was put in issue, had been eliminated as a factor in the case, inasmuch as the defendant had contested the action upon the ground of a superior right of possession in himself. The instruction as to the damand was emphatic, and was much elaborated; and, under the evidence, it may well have led the jury to return the verdict which was returned. Therefore the error was prejudicial to the plaintiff.

For such error the judgment must be reversed, and a new trial granted. All the judges concurring.