## DILLMAN v. CHICAGO, INDIANAPOLIS AND LOUISVILLE RAILWAY COMPANY.

[No. 6,706.   Filed December 8, 1909.]

1. APPEAL.—*Directing Verdict.*—*Evidence.*—*When All Required.*— *New Trial.*—Where appellant assigns error upon the overruling of his motion for a new trial, the grounds thereof being (1) that the evidence was insufficient, (2) that the verdict was contrary to law, and (3) that the court wrongfully directed a verdict, the complete evidence is necessary, such third ground being substantially the same as the first and second. p. 665.

2. APPEAL.—*Requisites.*—Appellant, to be successful, must present a record affirmatively showing error. p. 667.

From Monroe Circuit Court; *John C. Robinson*, Special Judge.

Action by Franklin M. Dillman against the Chicago, Indianapolis and Louisville Railway Company. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Rufus H. East* and *Miers & Corr*, for appellant.

*E. C. Fields, H. R. Kurrie, T. J. Brooks* and *J. E. Henley*, for appellee.

ROBY, J.—Action by appellant for damages averred to have been caused by his wrongful expulsion from one of appellee's trains. The case was submitted to a jury, and at the conclusion of the evidence appellee moved for a peremptory instruction in its favor. Such motion was sustained, and a verdict was returned accordingly, upon which judgment was rendered. The appellant filed a motion for a new trial, stating as reasons therefor that the verdict was contrary to law, that it was not sustained by sufficient evidence, and that the court erred in instructing the jury to return a verdict for the defendant.

This motion was overruled, and the well-assigned error is that the court erred in overruling appellant's motion for a new trial.

The record does not contain a transcript of the evidence. It does contain a bill of exceptions which shows the giving and the terms of a peremptory instruction, and what purports to be "a succinct recital of the substance of such part of the evidence and proceedings" in said cause as was pertinent and material to such ruling of the court.  Section five of an act concerning practice, approved March 9, 1903 (Acts 1903, p. 338, §665 Burns 1908), is as follows: "That in all other civil actions, for the purpose of presenting for decision any question in respect to error alleged to have occurred upon the trial, the bill of exceptions shall be sufficient, if it contain a clear statement of the ruling or matter called in question, together with a succinct recital of the substance of such part of the evidence and proceedings as shall be necessary to advise the Supreme Court or the Appellate Court, as the case may be, of the pertinency or materiality of the matters sought to be reviewed on the appeal." The appellant has evidently sought to bring himself within the provisions of this section, but section four of said act (§664 Burns 1908) provides: "That in an appeal in any civil action to the Supreme Court or the Appellate Court from any judgment, decree or interlocutory order of a circuit court or superior court, or of any judge of such court in vacation, it shall not be necessary for the bill of exceptions to contain all of the evidence given in the cause or proceeding, unless the decision of the court, or the verdict of the jury, shall be called in question as being contrary to law, or not sustained by sufficient evidence." The first two grounds stated for a new trial are in the terms used by the legislature to designate cases in which it is necessary for the record on appeal to contain all the evidence given in the cause.  The further ground, that the court erred in giving the peremptory instruction, is no more than a different form of statement of the same proposition, since the correctness of such action also depends upon a consideration of all the evidence.  *Harris* v. *Cleveland. etc., R. Co.* (1899   153 Ind. 475.

These considerations require the affirmance of the
2. judgment, the burden being upon appellant to exhibit
from the record facts requiring its reversal.

Judgment affirmed.