## MARCH v. MARCH.

[No. 7,534. Filed April 26, 1912.]

1. APPEAL.—*Review.*—*Presumptions.*—On appeal, the presumption is in favor of the proceedings of the trial court, and the burden is on the party alleging error to affirmatively point it out. p. 295.

2. APPEAL.—*Review.*—*Searching Record.*—The court will not search the record on appeal to reverse a cause, but may do so to affirm it. p. 295.

3. APPEAL.—*Review.*—*Presumptions.*—*Sufficiency of Complaint.*— Where appellant challenges the sufficiency of the complaint for want of facts, but fails to point out any omitted fact essential to a recovery, the complaint will be presumed to contain facts sufficient to bar another action for the same cause. p. 295.

4. APPEAL.—*Review.*—*Rulings on Demurrers.*—*Finding and Judgment Not Affected.*—Alleged error in overruling the demurrer to a paragraph of reply will be disregarded where the finding and judgment is not dependent upon any issue tendered by the reply or the answer to which it was addressed. p. 295.

5. APPEAL.—*Review.*—*Sufficiency of Evidence.*—A cause will not be reversed for insufficiency of the evidence to show a fact that was not essential to the recovery. p. 295.

6. APPEAL.—*Review.*—*Harmless Error.*—Under the provisions of §§407, 700 Burns 1908, §§389, 658 R. S. 1881, the judgment will not be disturbed on account of intervening error where it appears from the record that the error was harmless and that a fair trial was had and a correct conclusion reached by the trial court. p. 296.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Anna B. March against William F. March. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*James M. Hatfield,* for appellant.
*Watkins & Butler,* for appellee.

MYERS, J.—As originally filed, this was a suit by appellee against appellant on an alleged judgment for $10 per month as alimony, rendered in a divorce proceeding tried and determined in the circuit court of Jackson county, Missouri, on April 19, 1898.

After the filing of a number of pleadings, and proceedings had thereon, and the issues were closed, appellee, on motion, and after leave granted by the court, amended and filed her complaint in one paragraph, whereby she sought to recover only an allowance from the beginning of this action until the further order of court for the support of the child, Joyce Effie March, whose custody had been awarded to appellee by the Missouri court, and also for a reasonable attorneys' fee for her attorneys in this proceeding. A motion to strike out the words added to the complaint by the way of an amendment was overruled, and appellant filed a demurrer to the complaint, which was also overruled.

Appellant then filed an answer in two paragraphs: (1) General denial, and (2) averring affirmative facts showing that the Missouri court did not have jurisdiction to render a personal judgment against him.

Appellee replied in three paragraphs to appellant's second paragraph of answer. A demurrer to the second and third paragraphs of reply was overruled.

The issues thus joined were submitted to the court for trial. Finding and judgment. After hearing the evidence the court made a general finding in favor of appellee, and that appellant ought to pay appellee $3 per month from the commencement of this suit until the further order of the court.

Appellant's motion for a new trial was overruled, and judgment rendered against him and in favor of appellee, ordering him to pay to appellee on the tenth day of each month, until the further order of the court, $3 per month for the support and education of his daughter, Joyce Effie March. This is the substance of the judgment which appellant is seeking to have reversed.

Numerous errors have been assigned, but we will notice only those not waived. First, the complaint is challenged for want of sufficient facts to constitute a cause of action.

On appeal, the presumption is in favor of the proceedings of the trial court, and the burden is on the party alleging error affirmatively to point it out. *Taylor* v. *Birely* (1892), 130 Ind. 484, 30 N. E. 696; *Hanrahan* v. *Knickerbocker* (1905), 35 Ind. App. 138, 72 N. E. 1137; *Dillman* v. *Chicago, etc., R. Co.* (1909), 44 Ind. App. 665, 90 N. E. 22.

Appellant, in support of the error under consideration, has not called our attention to a single omitted fact essential to the recovery awarded in this case. Keeping in mind the rule that an appellate tribunal will not search the record to reverse, but may do so to affirm a judgment, and that appellant, in this case, has failed to show wherein the amended complaint is without facts to make it good, we may at least assume that it contains facts sufficient to bar another action for the same cause, and if so the error cannot be sustained.

It is next insisted that the court erred in overruling the demurrer to each the second and third paragraphs of reply. We need not stop to investigate these rulings, for the reason that the finding and judgment of the court is not in the least dependent on any issue tendered by either of these paragraphs, or the answer to which they were addressed.

Supporting the motion for a new trial, the point is made on the evidence that it was insufficient to show that the Missouri court had jurisdiction to render a personal judgment against appellant. In view of the issues and the decision of the court thereon, the point is not effective or applicable for any purpose. For here the judgment does not rest, in any respect, on the judgment of the Missouri court. The record affirmatively shows that issue was decided in favor of appellant.

After a careful review of the entire record in this case, we are convinced that a fair trial was had, and a correct conclu-

sion reached by the trial court. This being true, this
6.  court will not disturb the judgment on account of in-
tervening error, which is clearly shown to be harmless.
§§407, 700 Burns 1908, §§398, 658 R. S. 1881.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 324. See, also, under (1) 3 Cyc. 275;
(2) 3 Cyc. 418; (3) 3 Cyc. 286; (4) 31 Cyc. 358; (5) 38 Cyc. 1888;
(6) 3 Cyc. 443. As to the rule that the judgment appealed from
will be affirmed if possible, see 91 Am. Dec. 195.