GALESBURG COULTER DISC COMPANY *v.* HUNTER.

[No. 26,266.   Filed May 25, 1935.]

*George M. Barnard,* and *Raymond L. Baker,* for appellant.

*Robert S. Hunter,* for appellee.

TREMAIN, J.—Appellee filed his action in the Henry Circuit Court against the appellant and the cause was venued to the Rush Circuit Court, where it was tried. The action was based upon a garnishee summons issued by the Justice of the Peace under and pursuant to Chapter 61 of the Acts of 1925.

It was alleged in appellee's complaint that appellee, having obtained a judgment against John Zea Seagraves, and having issued an execution on said judgment, which was returned "no property found," filed his affidavit in garnishment naming the appellant as garnishee and as indebted to said Seagraves for wages thereafter due and to become due; that thereupon a garnishee summons was issued by said Justice of the Peace

to and served upon said appellant, by which summons said appellant was directed to hold and pay into court ten per cent of the wages of said Seagraves until said judgment and costs were fully paid and satisfied; that said appellant failed and refused to comply with said garnishee summons and thereafter paid to said Seagraves more than $2,000.00 in wages, leaving appellee's said judgment unpaid. The complaint demanded judgment against appellant for $210.00. Appellant answered in general denial. The cause was tried by the court, without a jury, upon an agreed statement of facts, and judgment was rendered in favor of the appellee in the sum of $202.00 and costs.

The agreed statement of facts was filed in open court and signed by the parties. The introductory part thereof is as follows:

"Come now the parties in the above entitled cause, and said cause being at issue and ready for trial, it is now hereby agreed that the following statement of facts shall be taken by the court as the evidence and all the evidence in said cause, and that the facts in said statement constitute the evidence and all the evidence to be given in said cause, and that the said facts hereby agreed to by said parties in lieu of the evidence to be given on the trial of said cause; and it is hereby agreed that upon said statement of facts, the court may decide the controversy between these parties as shown by the pleadings in said cause."

Then followed a statement of facts filed by the attorneys.

Upon its filing, the appellant filed a motion in which it asked the court to render judgment in its favor upon the agreed statement of facts for the reason that the facts disclosed that the cause of action was based solely upon said Chapter 61 of the Acts of 1925; that said Act was invalid, unconstitutional, and void and for that reason a judgment could not be rendered in favor of appellee. The court overruled said motion and rendered

judgment in favor of the appellee, "to which finding and judgment of the court the Galesburg Coulter Disc Co. (appellant) at the time objects and excepts." From this ruling the appellant has perfected this appeal without filing a motion for a new trial in the lower court.

The appellant takes the position that such motion is unnecessary, while the appellee contends that it is necessary and that by the appellant's failure to file the motion for a new trial it has waived any right to present the cause to this court.

The parties did not undertake to file an agreed case as provided by Sec. 2-2201, Burns 1933, §362, Baldwin's 1934. This court has held that upon a trial of a statutory agreed case no motion for a new trial is necessary. *Fisher* v. *Purdue* (1874), 48 Ind. 323; *State ex rel. Attorney General* v. *Board of Commissioners* (1879), 66 Ind. 216; *Hawks* v. *The Mayor et al.* (1896), 144 Ind. 343, 43 N. E. 304; *Shelbyville* v. *Phillips* (1898), 149 Ind. 552, 48 N. E. 626; *Witz* v. *Dale* (1891), 129 Ind. 120, 27 N. E. 498; *State ex rel. Osborn* v. *Eddington* (1935), ante 160, 195 N. E. 92. While the instant case does not purport to be an agreed case as defined by statute, nevertheless the facts and issues are such as to cause it to appear that a motion for a new trial was unnecessary. The agreement as to all the facts was submitted to the trial court by the parties; it was acted upon by the trial court and treated by all concerned to be a complete statement of the facts in the case; no other facts were introduced in evidence; the issue upon said facts was formed by the motion of appellant for judgment in its favor. Upon a consideration of the issue thus formed, the court rendered final judgment for the appellee, to which the appellant at the time objected and excepted. The agreed statement and appellant's motion presented to the court the sole and only

issue to be determined. Had a motion for a new trial been filed by appellant no new questions of law or facts could have been presented to the court thereby.

In *Fisher* v. *Purdue, supra,* which was a case presented to the Circuit Court upon an agreed statement of facts pursuant to the statute, the court made the following statement (p. 326):

> "We are of the opinion that no motion for a new trial in such case is contemplated or necessary. The facts being agreed upon, a new trial could make no change in them. The facts having been ascertained, there is no question for decision, except the law as it arises upon the facts agreed upon. The question is one of law, and not of fact or of fact and law. The case is, in substance, the same as where there is a demurrer to the evidence or a special verdict, in which cases the only duty which the court has to perform is to determine the law applicable to the facts as they are in the record."

Under the introductory statement to the agreed facts as quoted above, and the procedure had in the trial court, it seems clear that the cause was tried the same as if it had been an agreed case; that the legal effect was the same; that the same reasons which apply to an agreed case as to why a motion for new trial is unnecessary, apply with equal force to the instant case. The manner in which the cause was presented to and tried by the court cannot make it differ in its effect from sustaining a demurrer to the evidence or to a pleading. In such case a motion for a new trial is unnecessary. If a new trial were granted, no new evidence could be heard because all the facts have been agreed upon in writing and in open court. The parties are bound by their agreement.

This brings the court to a consideration of the appellee's action which is based wholly and solely upon Chapter 61 of the Acts of 1925. In *Martin* v. *Loula et al.* (1935), post 346, 194 N. E. 178, said chapter is

held unconstitutional and void. It, therefore, necessarily follows that upon the authority of that case this cause must be reversed.

Judgment reversed with instructions to render judgment for appellant.