BUTLER *v.* WOLF SUSSMAN, INC.

[No. 27,764.   Filed February 3, 1943.]

48

*Louis Rosenberg,* of Indianapolis, for appellant.

*Theodore R. Dann, Taylor E. Groninger,* and *Alfred K. Berman,* all of Indianapolis, for appellee.

SHAKE, J.—In 1920 the appellant inherited a diamond ring from her mother. She afterwards married and lived with her husband for thirteen years, separating on January 8, 1940. They are not divorced but the husband's whereabouts is unknown. While packing her possessions at the time of the separation, the appellant missed her ring. She made a demand for it upon her husband and threatened to sue him, whereupon he produced and delivered to her a ticket disclosing that on November 18, 1938, he had pledged the ring as his own to the appellee, a licensed pawnbroker, for a loan of $25, which was afterwards increased to $35. This was without the prior knowledge of the appellant.

The appellant's complaint is in three paragraphs. The first and third are for replevin of the ring and the second for its conversion. There was an answer in general denial which was not good under the requirements of Rule 1-3 (1940 Revision). The appellant would have been entitled to judgment on the pleadings for the possession of her ring had she asked for it, but she waived that relief by going to trial on the merits. 1 Watson's Works Practice, §§ 633 and 634.

There was a trial by the court resulting in a judgment to the effect that the appellant take nothing. The only alleged error properly presented is that the decision is contrary to law. In support of the judgment the appellee says: (1) That there was no evidence of a demand upon it for the return of the ring prior to the commencement of the action; and (2) that the appel-

lant was not entitled to recover by reason of the Acts of 1935, ch. 195, § 32, § 18-3233, Burns' 1933 (Supp.), § 13220-33, Baldwin's Supp. 1935. This statute provides:

> "A pawnbroker shall have a first lien on all pledges for the amount of his loan, interest and charges in all cases except where the pledging or possession thereof by the pledger constituted larceny at the common law, or except where a prior lien exists by virtue of any other statute."

The first question for consideration is whether a demand was necessary. The general rule appears to be that replevin will not lie for property lawfully in the possession of another until a proper demand has been made for its delivery. *Lewis* v. *Masters* (1846), 8 Blackford 244; *Torian* v. *McClure* (1882), 83 Ind. 310. This rule is based upon the presumption which the law indulges that one who has lawfully come into possession of property which he is not entitled to retain will, upon demand, surrender it to the person entitled thereto and that he ought to be afforded an opportunity so to do without being subjected to the inconvenience and expense of a law suit. 54 C. J., Replevin, § 69b, p. 449. *Wood* v. *Cohen and Another* (1855), 6 Ind. 455. The rule stated has been so applied as to require a demand, where the defendant is an innocent purchaser for value and without notice from one who was a wrongful taker or was without authority to sell. *Torian* v. *McClure, supra; Conner and Others* v. *Comstock and Others* (1861), 17 Ind. 90; *Wood* v. *Cohen and Another, supra; Ledbetter* v. *Embree* (1895), 12 Ind. App. 617, 40 N. E. 928. The application of these principles would seem to have required a demand under the facts of the case at bar.

The appellant contends, however, that the appellee

waived necessity for a demand by filing a redelivery bond, by contesting the suit on its merits, and by claiming the protection of § 32 of the Pawnbrokers Act of 1935. The cases of *Hays* v. *Burns* (1939), 106 Ind. App. 374, 19 N. E. (2d) 862, and *Jordan* v. *Jordan* (1922), 78 Ind. App. 617, 136 N. E. 866, are relied upon. The first case goes no further than to hold that no demand is necessary where, prior to the commencement of the action, the party in possession assumes a position disclosing that if a demand had been made it would have been unavailing. The second case holds that a waiver may result from the character of the defense made to the action as well as from the statements and conduct of the defendant prior thereto. We have found no Indiana case indicating what particular conduct, subsequent to the commencement of the action, will constitute a waiver of a demand. It would seem, however, that since a defendant, if sued without a demand, may offer to disclaim any interest in the property upon reimbursement for costs incurred, any affirmative conduct on his part calculated to establish title in himself, whether by pleading or proof, ought to waive a demand. *Raper* v. *Harrison* (1887), 37 Kan. 243, 15 P. 219; *Kellogg* v. *Olson* (1885), 34 Minn. 103, 24 N. W. 364; *Thompson* v. *Thompson* (1902), 11 N. D. 208, 91 N. W. 44. We hold, therefore, that by claiming title to the ring in controversy over the asserted ownership of the appellant, the appellee waived necessity for a demand.

Section 32 of Chapter 195, Acts of 1935, undertakes to give licensed pawnbrokers a first lien on all articles pledged to them except where the pledge or possession thereof by the pledger constituted larceny at common law or a prior lien exists by virtue of a statute. At common law, husband and wife

were considered as one person and one spouse could not commit larceny of the goods of the other; but by a statute in force in this State since 1881, a married woman has been authorized to take, acquire, and hold personal property and to sell, barter, exchange, and convey the same as if she were unmarried. Acts of 1881, ch. 60, § 2, p. 527, § 7853, Burns' 1914, § 5645, Baldwin's 1934; Acts 1923, ch. 63, § 2, § 38-102, Burns' 1933, § 5645, Baldwin's 1934. It follows that by virtue of this statute the appellant took an unqualified title in the diamond ring which she inherited from her mother; that her husband had no interest therein; and that he might have been held criminally liable for the larceny thereof. *Beasley* v. *State* (1894), 138 Ind. 552, 38 N. E. 35, 46 Am. St. Rep. 418.

Under the facts disclosed by the record, the appellant had a vested interest in the property in controversy of which she could not be divested without due process of law. Section 32 of the act relied upon by the appellee violates the due process provisions of the State and Federal Constitutions and the judgment predicated upon that statute is, therefore, contrary to law.

Reversed with directions to sustain the appellant's motion for a new trial and for further proceedings.

NOTE.—Reported in 46 N. E. (2d) 243.