## ALLEN B. WRISLEY DISTRIBUTING CO.
## v. SEREWICZ et al.
### No. 8540.

Circuit Court of Appeals, Seventh Circuit.

Oct. 26, 1944.

Rehearing Denied Nov. 25, 1944.

James J. McGarvey, of Valparaiso, Ind., and Oscar B. Thiel, of Gary, Ind. (Royal L. Lease, of Valparaiso, Ind., of counsel), for defendants-appellants.

Edwin H. Friedrich and Bernard A. Petrie, both of Hammond, Ind., and William J. Welsh, of Chicago, Ill. (Mayer, Meyer, Austrian & Platt, of Chicago, Ill., and Crumpacker & Friedrich, of Hammond, Ind., of counsel), for appellee.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

The plaintiff, Allen B. Wrisley Distributing Company, sued in replevin to recover from defendants the possession of certain rubber, soap, shipping cases and manufacturing equipment. The complaint demanded possession of the property and damages for its unlawful detention. It further alleged a demand by plaintiff upon the defendants, prior to filing the complaint, for the possession of the property referred to, which demand it averred was refused by the defendants.

The defendants, jointly and severally, denied all material allegations of the complaint, except as to residence, and specifically denied that plaintiff is, or was at the time the complaint was filed, the owner of the property in question, or that such property was at any time unlawfully detained by the defendants or any of them, or that plaintiff is entitled to its possession. They further alleged and demanded damages directly resulting to them from the institution and prosecution of the action, and for plaintiff's violation of the contract then existing between the parties. The trial court heard evidence, made a special finding of facts, and rendered its conclusions of law thereon favorable to plaintiff with respect to the question of replevin. It reserved its ruling as to damages until the matter of replevin was finally determined on appeal, and reserved jurisdiction for that purpose. It rendered judgment for plaintiff in accordance with the conclusions of law, and from that judgment this appeal is prosecuted.

All evidence submitted in this case was stipulated by the parties, and the court adopted that stipulation as its findings of

facts. It contains all evidentiary as well as ultimate facts, and much which is neither material nor pertinent to the question before us. The material facts involved in this controversy are as follows: The defendant, Albert E. Serewicz, was the owner of certain patents for manufacturing soap novelties, and prior to September 19, 1939, had fabricated these novelties in Chicago, and acted as his own distributor. On that date plaintiff and that defendant entered into a written agreement by the terms of which plaintiff, an Illinois corporation, was to furnish the defendant soap, rubber, and certain manufacturing equipment, and that defendant was to process and manufacture the Serewicz soap novelties. Plaintiff was to be the exclusive distributor for such novelties, except for ten designated accounts. A schedule of royalties and manufacturer's profits was set forth in the contract. Title to all soap, rubber, shipping cases and manufacturing equipment was to remain in plaintiff. The contract provided for a cancellation on ten days' notice on the failure of either party to comply with the minimum requirements or to perform his or its part of the agreement. The contract further provided for arbitration between the parties in case of a dispute, but it did not require plaintiff to order any particular number of the novelties referred to.

After the execution of the contract, Albert E. Serewicz formed a partnership in Indiana with the other defendants under the name of Foame Toy Soap Company, and in 1940, and at all subsequent times they manufactured the novelties there, at their place of business. All of the rubber, soap, and equipment was shipped by plaintiff to the defendants, to be by them processed and returned to plaintiff or shipped on plaintiff's orders. Dies and spray guns were furnished defendants by plaintiff and at the time this action was commenced, the rubber, scrap rubber and shipping materials in the possession of the defendants were of the value of $14,000. Each week plaintiff sent defendants a memorandum showing plaintiff's requirements.

On June 5, 1942, the defendants by telegram requested of plaintiff a considerable amount of rubber and shipping materials, and plaintiff wired defendants that such goods had been shipped. At no time was notice of the termination of the contract given, and no request for arbitration was made.

On the day the action was commenced, the unprocessed material in the possession of the defendants was insufficient to fill the orders from plaintiff theretofore received by the defendants, and if such advance orders had been completely filled by the defendants, plaintiff would have owed defendants a manufacturer's profit of $900.35.

Possession of the property referred to in the complaint was taken by the marshal in compliance with the writ of replevin, but no property was taken by him which was wholly or partly processed. The District Court thereupon appointed a receiver, to whom it was delivered, and he has administered it under the orders of that court. At such delivery plaintiff, in the presence of the marshal of that court, and over the objection of the defendants, commingled certain rubber owned by the defendants with that owned by the plaintiff and rendered it impossible to distinguish one from the other. However, upon interrogation by this court counsel for appellants said that all the rubber of both parties was of the same character and value. The defendants admit that the title to the property is in plaintiff.

The main question here presented is whether plaintiff, at the time the complaint was filed, or at any time since, was entitled to the possession of the property.

The determination of the questions presented is governed by the law of Indiana. The Indiana Statute relating to actions in replevin provides, "When any personal goods are wrongfully taken, or unlawfully detained, from the owner or person claiming the possession thereof, * * * the owner or claimant may bring an action for the possession thereof." Burns' Indiana Statutes 1933, Sec. 3-2701. In construing this section the earlier cases held that if the possession of goods is lawfully obtained by the defendant, an action of replevin will not lie until after a demand by the plaintiff, and a refusal by the defendant. Torian v. McClure, 83 Ind. 310. However, a demand is not necessary if possession is unlawfully obtained. Parrish v. Thurston, 87 Ind. 437. Here it is admitted that the defendants, in the first instance, lawfully came into possession of the property in question, and the defendants contend that no demand for possession was made upon them by plain-

tiff prior to filing the complaint. Hence, they argue that plaintiff was not entitled to possession.

 The plaintiff, however, contends that it did demand, in writing, the possession of the property from defendants, as shown by the following circumstances. Plaintiff was dissatisfied with what it termed discrepancies in defendants' inventories of plaintiff's materials in the defendants' possession, and plaintiff desired to alter their existing written contract in such manner as to avoid future inventory discrepancies. On June 5, 1942, a telephone conversation was had between the parties, which, on account of unavoidable disturbance, was not distinctly heard by Screwicz, and he requested Wrisley to write defendants a letter including the substance of the telephone conversation. The letter was written on the same day and contained, among other things, the following matters relating to a demand:

"Referring to our conversation over the telephone this afternoon * * * I want to repeat exactly what we said * * *. I said:

" 'I received your letter this morning, and I am sorry you won't accept our written summary of our oral agreement last Friday. The only thing I can see to do is to request you to release all of the materials which we own at your plant and ship them back in trucks which we will provide.'

"I further stated:

" 'I want you to understand that we demand you release and ship back to us in trucks which we will furnish, the materials which we own at your plant.' "

The parties did not enter into a new contract, nor did they alter the old one in any respect, and at no time did plaintiff send its truck or trucks to defendants' place of business to receive and return the property to plaintiff, or to remove it from the defendants' possession. The complaint was filed on June 10, 1942. Under these facts as herein recited, the demand was but a qualified one and was to be complied with only when plaintiff should provide the trucks. This it never did, and upon these facts defendants can not be held to have failed to comply with such demand.

 While the defendants by answer denied that there was a demand and a refusal, yet they also denied plaintiff's ownership of the property and his right to possession of it. This conduct on the part of the defendants would amount to a waiver of a demand. Butler v. Sussman, Inc., 221 Ind. 47, 46 N.E.2d 243.

 However, under the uncontroverted facts, we think it is clear that plaintiff was not entitled to possession of the property in question. True, plaintiff was the owner of it, but that fact alone would not entitle plaintiff to its immediate possession, for plaintiff had delivered it to the defendants in compliance with the terms of their contract, and the defendants by the same contract were obligated to process it. To do so they must retain possession of it, and so long as the contract was in force and not violated by the defendants, their possession was lawful, and replevin would not lie. The original contract is still in force in so far as this record discloses, and there is neither a claim nor finding that the defendants have violated it. The contract provided for its cancellation for violation by giving ten days' notice in writing to the offending parties, but no such notice was given.

Judgment reversed and the cause is remanded for further proceedings not inconsistent with this opinion.