COMBS AND BRODERICK D/B/A CLEANERS EQUIPMENT COMPANY *v.* KELLER ET AL.

[No. 18,969. Filed May 15, 1957. Rehearing denied June 25, 1957.]

George W. Henley, of Bloomington, for appellants.

Thomas H. Branaman, Branaman & Markel, of Brownstown, and Donald A. Rogers, of Bloomington, for appellees.

KELLEY, P. J.—Appellants' brief reveals that appellants brought a replevin action against the appellees, by complaint in form usual in such actions, to which appellees addressed an answer denying the averments of the

complaint. The cause was originally submitted to a jury. At the close of appellants' evidence in chief, appellants state, appellees moved the court for a directed verdict in their favor and, appellees say, appellants joined in said motion. The appellants say in their brief that the court sustained said motion and rendered judgment for appellees upon the verdict returned by the jury pursuant to the instruction of the court. The ruling of the court, the direction of the verdict, the verdict, appellants' motion for a new trial, and the judgment of the court are omitted from appellants' brief. The evidence has not been brought into the record.

The complaint, in pertinent substance, alleges that the appellants "are the owners of and entitled to the immediate possession of" certain described personal property; that said property "is unlawfully detained from plaintiffs by defendants;" and that "demand has been made upon said defendants for the return of said property but that said demand has been refused."

The briefs do not disclose any affidavit by appellants for the immediate delivery of the property (Sec. 3-2702, Burns' 1946 Replacement), any order of the clerk issued for the seizure thereof, nor any copy of the writ of replevin. There appears, however, a sheriff's return "on the writ of replevin" which states, in addition to the words of service, that the "Defendants have made bond to keep in their possession the within described property. . . ."

Appellees' motion for a directed verdict, in which appellants joined, is as follows:

"The defendants move for a directed verdict for the reason that the plaintiffs have failed to prove the essential element of their case in chief which is a demand upon the defendants for possession of the property described in the complaint."

Appellants assert that their motion for a new trial was overruled by the court, and that it specified, as the grounds thereof not waived, that the verdict of the jury is contrary to law, that the court erred in directing the jury to return a verdict for the defendants, and that the court erred in sustaining the motion for a directed verdict.

The appellants contend that no evidentiary question is presented, that the sole question on the record is one of law, namely: whether proof of a demand for the return of the property is essential in every instance before "the benefit of this remedy may be had." The rationale of appellants' contention is that under the holding in *Butler* v. *Wolf Sussman, Inc.* (1943), 221 Ind. 47, 46 N. E. 2d 243, "any affirmative conduct on his (the defendant's) part calculated to establish title in himself, whether *by pleading* or proof, ought to waive a demand."

The appellees, in effect, urge that appellants have failed to present any record or brief to show reversible error and, further, that it is essential in the case that appellants prove the allegation of their complaint that they made a demand upon appellees for possession of the property.

If we properly assess the appellants' basic contention, it is that the single reason assigned by appellees in their motion for a directed verdict "constitutes their election of a theory. . . (and) is binding upon them" so that this court (Appellate) "must assume that the trial court limited its consideration to the single theory presented by the motion." Such does not seem to be the holding of our Supreme Court.

In *Harris* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Company* (1899), 153 Ind. 475, 55 N. E. 222, the record, as here, did not contain all the evidence given at the trial. The defendant, appellee, at the con-

clusion of the evidence, requested a directed verdict for the reason that there was no evidence which would entitle plaintiff to recover. The court sustained the motion but limited its direction to the jury by saying "one of the things necessary to be proved by the plaintiff . . . is that he has himself been free from any negligence which contributed to the injury. In this case *the evidence fails to show that he exercised that care which the law requires of him,* and, *for that reason,* I instruct you to return a verdict for the defendant." (Our emphasis). The appellant sought a reversal solely on the ground that the evidence submitted to prove the absence of his contributory negligence raised an issue for the jury, under proper instruction by the court, and, therefore, the court erred in directing the verdict for appellee. In considering the matter the court made the following statement appropriate for our present consideration:

"The fact that the trial court apparently based its instruction on the ground that the evidence was not sufficient to prove that appellant, . . . had exercised the care and precaution which the law exacts, is not available; for *if, upon any view of all the evidence, we could sustain the action of the court, we would be compelled to do so and affirm the judgment."* (Our emphasis).

In the case just noted, the trial court, itself, singled out a particular reason or "theory" as the basis of its action in directing the verdict, yet, the Supreme Court held that it was necessary to have all the evidence before it because the action of the court would have to be affirmed if "upon any view" of the whole evidence its action could be sustained.

We refer to *Dillman v. Chicago, Indianapolis and Louisville Railway Company* (1909), 44 Ind. App. 665, 90 N. E. 22, being an action by appellant for damages, wherein appellee sucessfully moved for a directed ver-

dict. Appellant's motion for a new trial was upon the grounds (1) that the verdict was contrary to law; (2) that the verdict was not sustained by sufficient evidence; and (3) that the court erred in instructing the jury to return a verdict for the defendant. There, as here, the evidence was not brought into the record. The court said: "The first two grounds ((1) and (2) above) . . . are in the terms used by the legislature to designate cases in which it is necessary for the record on appeal to contain all the evidence given in the cause. *The further ground, that the court erred in giving the peremptory instruction, is no more than a different form of statement of the same proposition, since the correctness of such action also depends upon a consideration of all the evidence.*" (Our brackets and emphasis). See, also: *Wolf Hotel Company* v. *Parker* (1927), 87 Ind. App. 333, 340, 158 N. E. 294, transfer denied, wherein the court, on page 340, said: "If the decision of the court or the verdict of the jury is called in question as being contrary to law . . . or if the giving of an instruction directing a verdict is challenged, *all of the evidence must be set out in the bill of exceptions.*" (Our emphasis).

Appellant joined in appellee's motion for a directed verdict, thereby clothing the court with the functions of the jury. It was then proper for the court, there being no request by appellant for submission of the case to the jury, to render its decision on the issues presented. The court, however, directed the jury to return a verdict for appellee but such verdict, pursuant to such direction, had the effect of a decision by the court. *Wilson, Administratrix* v. *Rollings et al.* (1938), 214 Ind. 155, 157, 14 N. E. 2d 905. *Deeter, Administrator* v. *Burk* (1914), 59 Ind. App. 449, 454, 455, point 3, 107 N. E. 304 (Transfer denied) ; *Indianapolis Traction and Terminal Company* v.

*Vaughn* (1917), 65 Ind. App. 581, 583, point 1, 117 N. E. 673; *Goings* v. *Davis, Director General of Railroads* (1923), 82 Ind. App. 231, 232, points 1, 2, 141 N. E. 473, 143 N. E. 174 (Transfer denied) ; *Kleine* v. *Houk* (1922), 78 Ind. App. 146, 147, 134 N. E. 872.

Technically, the specification in appellant's motion for a new trial that the verdict of the jury is contrary to law raises no question, for, as stated, the verdict had the effect of a decision by the court. However, under the circumstances, we treat the assignment as if it stated that the decision of the court is contrary to law. As appropriate, we quote from *Deeter* v. *Burk, supra:*

> "Appellant at no time . . . offer (offered) any objection on the ground that he desired to have, or was entitled to have, any question of fact submitted to the jury, nor did he, at any time after both he and appellee had respectively requested a peremptory instruction, ask or demand of the court that the decision of the case be submitted to the jury for trial. It follows that both parties to the litigation, in effect, placed themselves in the same situation they would have been had they, in the first instance, submitted the case to the court for trial, and the instruction of the court, together with the verdict of the jury returned thereunder, were, in effect, the decision of the court, with all the presumptions in its favor that would have existed in favor of the verdict returned by the jury in the regular way, or the decision of the court, had the cause been submitted to it for trial in the first instance. . . . it follows that no reversible error resulted from the giving of such peremptory instruction in appellee's favor, unless there was a complete failure of proof as to some issue necessary to the support of the verdict rendered thereunder."

Again, from *Kleine* v. *Houk, supra,* we quote.:

> "Both parties having requested peremptory instructions the trial court of necessity had to con-

sider the evidence and it having considered the evidence and found against appellant, we, upon the record before us, can not disturb this finding."

This appeal, on the record, must be viewed as an appeal from the judgment rendered. It does not purport to be the presentation of a reserved question of law, as provided by Secs. 2-3114 and 2-3115 of Burns' 1946 Replacement, and we do not find the parties so contending.

The burden is upon appellants to exhibit from the record facts requiring a reversal of the judgment. Upon our stated considerations, it does not appear that appellants have made such exemplification. "We have repeatedly held that all appeals to this court must be determined by the record and that, therefore, such record must affirmatively disclose prejudicial error against the complaining party in order to authorize a reversal. The record in this case, by reason of the omitted evidence, does not respond to this well settled rule." *Harris* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Company, supra.*

Judgment affirmed.

Bowen, C. J., dissents with opinion.

DISSENTING OPINION

Bowen, C. J.—Dissenting opinion in which Cooper, J., concurs.

I cannot agree with the majority opinion in this case.

At the close of appellants' case in chief the appellees moved the court for a directed verdict as shown by the record as follows:

"Plaintiff presents evidence and now rests and at the conclusion of plaintiffs' evidence, defendants by their attorney move the court for a directed verdict, which reads as follows: (Here insert), and

upon plaintiffs' complaint herein, *reserving the right to introduce evidence in the event the motion is overruled* and now the plaintiffs join in said motion for a directed verdict. The Court now sustains the motion of the defendants for a directed verdict upon plaintiffs' complaint herein. . . ." (my emphasis)

The motion for a directed verdict which was inserted by reference in such record contained the following specifications:

"The defendants move for a directed verdict for the reason that the plaintiffs have failed to prove the essential element of their case in chief which is a demand upon the defendants for possession of the property described in the complaint."

The majority opinion seems to be grounded on the conclusion that since the appellants joined in appellees' motion for a directed verdict that the court was thereby clothed with the functions of the jury and had a right to make its decision on the issues presented, and that in order to present a question on appeal it was necessary for the appellants to have brought up the evidence in the record. In one of the principal cases relied upon in the majority opinion, *Harris v. Cleveland, Cincinnati, Chicago and St. Louis Railway Company* (1899), 153 Ind. 475, 55 N. E. 222, the motion for a directed verdict was based upon the grounds that there was *no evidence* (my emphasis) which would entitle plaintiffs to recover, which is a far different situation from the motion presented in the case at bar.

The law is well settled in this state that by claiming an interest in the subject matter of a replevin action the defendant may waive the necessity of a demand and thereby, as a matter of law, make it unnecessary for the plaintiff to make a formal demand as a prerequisite of such an action, and in such a case the failure to prove such an alleged demand is entirely im-

material to the plaintiff's right to recover. In the instant case the appellants in their complaint stated that they owned the property which they sought to recover and alleged that they were entitled to the immediate possession. The appellees denied this. Appellees thereafter executed and delivered a redelivery bond which, under the law, constituted affirmative conduct asserting ownership. Therefore, under the record in this case, the failure to prove an alleged demand on the part of the plaintiffs would be entirely immaterial to the plaintiffs' right to recover. *Butler* v. *Wolf Sussman, Inc.* (1943), 221 Ind. 47, 46 N. E. 2d 243; *Allen B. Wrisley Distributing Co.* v. *Serewicz*, 145 F. 2d 169 (CCA 7th, 1944); *Morgan et al.* v. *Wattles et al.* (1879), 69 Ind. 260; *Thompson* v. *Thompson* (1902), 11 N. D. 208, 91 N. W. 44.

In view of the holdings in this state making it necessary for the plaintiff to prove an alleged demand, under the circumstances shown by this record, and in view of the fact that the record shows in the instant case that we have a situation where the defendants have filed a limited or qualified motion for a directed verdict reserving the right to introduce additional evidence, in which motion the plaintiffs joined, the question presented to the court below was a question of law based upon the single theory set forth in defendants' motion for a directed verdict. Any other conclusion would do violence to the many holdings of the Supreme and Appellate Courts of Indiana that only matters which are properly presented to the trial court may be decided by the courts of review on appeal.

In principle we are confronted with a somewhat similar situation to the one involved in the holding of the Supreme Court in *Galesburg Coulter Disc Company* v. *Hunter* (1935), 208 Ind. 330, 196 N. E. 94. In this case the Supreme Court pointed out that a situation may

exist where, even though the parties do not file an agreed case on a reserved question of law under the statute, nevertheless, the circumstances and issues may exist based on the parties' motion to the court so that there is a single issue to be determined by the trial court. As set forth in 53 Am. Jur., Trial, §344, p. 276, the law is generally well settled that a simultaneous motion by both parties for a directed verdict operates as a waiver of submission of any question of fact for the jury but it does not apply where a contrary intention is manifest. A contrary intention is manifest in the instant case by reason of the fact that the appellees, in moving for a directed verdict, reserved the right to introduce additional evidence. As shown by the record in this case and the decisions set forth herein, the failure to prove an alleged demand on the part of the plaintiffs was entirely immaterial to their right to recover. Therefore, when we examine the appellees' motion for a directed verdict in which appellants joined, we find that the record shows that the appellees elected to present to the trial court for its consideration the single theory presented by such motion for a directed verdict that as a matter of law the plaintiffs were required to prove as an essential element of their case in chief that they had made a demand upon the defendants for possession of the property described in the complaint.

In sustaining such motion, in my opinion, the trial court was in error, and for that reason I feel that the judgment of the trial court should be reversed.

NOTE.—Reported in 142 N. E. 2d 474.